Count W. Weeks, Appellant and Respondent, *v.* E. Holloway Coe, as Executor, etc., Respondent and Appellant.

*Service of an order with notice of resettlement — the time to appeal is not limited thereby — an inconspicuous notice of entry of an order is insufficient — notice naming the wrong day as the date of the entry of the order — the time to appeal from a judgment cannot be limited until the right to a new trial is settled.*

Where a party defendant has been granted a new trial, and has entered an order to that effect, and serves a copy upon the plaintiff's attorney on the day of the entry of the order, and also serves a notice of resettlement of the order, and the court thereafter refuses to alter or resettle the order as made, he is not in a position to insist that, during the interval of time between the entry of the order and the refusal of the court to resettle it, the time within which the plaintiff could appeal therefrom has run.

A notice of the entry of an order, indorsed upon the cover of the copy order served so as, when the cover is folded, to be entirely concealed, and to make it possible to open and read the copy order without discovering the notice of its entry, where the managing clerk of the attorney, upon whom the order is served, does not, in fact, discover the existence of this notice, is not a sufficient notice to limit the time within which an appeal may be taken from the order, within the requirements of section 1351 of the Code of Civil Procedure.

The notice, to be effective within the meaning of that section, must be so given that a failure to observe it would constitute negligence upon the part of the attorney upon whom the copy order is served.

A notice stating that a paper served is a copy of an order made and entered on the 29th day of October, 1898, where the order was, in fact, made on the 22d day of October, 1898, is not sufficient to limit the time within which an appeal may be taken therefrom.

Where an order has been made in an action, granting a new trial to the defendant, and the plaintiff has appealed therefrom, he cannot defeat the defendant's right to appeal from the judgment until the right to a new trial is finally settled upon such appeal from the order.

CROSS-MOTIONS by the plaintiff and the defendant to dismiss appeals taken by each party herein.

*H. M. Whitehead,* for the plaintiff, appellant.

*Hotchkiss & Maddox,* for the defendant, appellant.

HATCH, J.:

These are cross-motions to dismiss appeals taken by each party herein. The action was tried before a referee, and the plaintiff, securing a favorable report, entered judgment thereon. After the entry of judgment the defendant duly appealed therefrom. Subsequently he made a motion for a new trial upon affidavits setting forth newly-discovered evidence. This motion was granted upon payment of the costs of the trial and certain other specified items. Thereafter and on October 29, 1898, the defendant entered an order in the clerk's office of the county of Westchester, bearing date the twenty-second day of October, and certified by the clerk as having been granted on that day. A copy of this order was served upon the plaintiff's attorney on the day of its entry, and upon the cover containing the order was indorsed "Copy. Order granting new trial." On the day of the entry of this order the defendant also served a notice of resettlement, but such resettlement was not acted upon by the court until the 18th day of November, 1898, when the justice granting the same refused to alter or resettle the order as made and entered. Upon the cover of the copy of the order served was also indorsed a notice of the entry of the order which stated that it was made and entered on the twenty-ninth day of October. The paper cover when folded entirely concealed the notice of entry of the order, and in that condition showed alone upon its face that it was a copy of an order granting a new trial. It was quite possible to open and read the order without discovering the notice of entry, and the managing clerk of plaintiff's attorney, upon whom service of the order was made, states in an affidavit that he did not discover the existence of this notice until the attorney for the defendant refused to accept a notice of appeal therefrom thirty-two days after its entry. The motion of the defendant is to dismiss the plaintiff's appeal from the order. Immediately upon the entry of the order granting the motion for a new trial, the defendant sought to avoid

its force and effect in a substantial particular, and he gave notice to the plaintiff of such purpose. Thus the plaintiff occupied a position, pending the time between the notice of motion to resettle the order and the final determination of the court, in which he was unable to determine whether or not the order as then entered would be the final order upon the motion which would be made. Under such circumstances we think that the force and effect of the notice of motion for resettlement was to suspend the operation of the former order, so far at least as the time in which an appeal might be taken therefrom is concerned. If the defendant's motion to resettle had been granted it would have substantially changed the order; and it may very well be that the party would be willing to comply with the original order, and not be willing to comply with the order as resettled. There can be no propriety in insisting on a party's appealing within a specified time from an order which the very party who obtained the order is seeking to set aside, not by appeal, but by a rehearing before the same tribunal that granted it. We think that a party who seeks to avoid the order by an application to the court which made it, and to procure another order in its place and stead, ought not to be heard to insist that the final order is considered to have been entered until such time as the result of his efforts to procure a modification is determined by the court which made it.

This case is plainly distinguishable from *Hewitt* v. *City Mills* (136 N. Y. 211). The costs in that case were the mere incident of the judgment recovered by statute; and by the very language of that decision the judgment remained intact, and the amount of the retaxed costs, if less than those entered in the judgment, was to be deducted from the execution. In the present case the application was not to change a mere incidental part of the order, but to change the order itself in a substantial particular. This would be sufficient to defeat the defendant's motion, but there are other reasons why he may not succeed. It is well settled that where a party seeks to limit the time of his adversary to appeal, he must be strictly regular in his practice to accomplish that result. (*Matter of the N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 112; *Kelly* v. *Sheehan*, 76 id. 325.) The defendant has not fulfilled this requirement. The notice provided by the Code of Civil Procedure (§ 1351) must be so given that the

attention of the party cannot fail to be arrested by it.    If it is served in connection with another paper, it must be so placed that it cannot fail to be observed if the papers be examined.    The purpose of the notice is to limit a right, and such is its effect when it is properly given.    To work this result the notice must be so given that failure to observe it would constitute negligence.    It may not be indorsed upon the back of a cover and the cover be folded in such manner that it is not observable unless it be opened and read upon the back.

In the present case a person might unfold this paper, read the contents of the order, turn to the indorsement and read that, and yet be entirely unacquainted with the deadly menace to his rights that lay concealed within its folds.    The reading of the order would not disclose the notice ; turning it, to bring the indorsement upon the face of the cover into view, would usually result in closing the folds, while in reading the face of the cover, the usual place of indorsement, one would only be informed that it was a copy of the order, and thus a veritable deadfall be set upon the right to appeal. Such a notice is no notice, unless it be indisputably shown that it came to the knowledge of the party sought to be charged.

But if we treat the notice of the entry of the order as having been brought to the knowledge of the plaintiff, it is insufficient to limit the time in which to appeal.    The notice states that it is a copy of an order *made* and entered on the 29th day of October, 1898.    Reference to the order itself shows that no such order was made on that day. On the contrary, its heading, and the certificate of the clerk attesting the same, show that it was made on the 22d day of October, 1898. This is a departure from strict regularity, and within the authority of the cases first above cited is insufficient as a notice to limit the time of appeal.    Defendant's motion to dismiss the appeal from the order must, therefore, be denied.

The same fate must also attend upon the plaintiff's motion to dismiss the appeal from the judgment.    It appears that when the order granting the new trial was complied with by the defendant, the plaintiff refused to take what he was entitled to thereunder and appealed from the order.    Having thus elected to contest the validity of that order, he could not defeat plaintiff's right to appeal from the judgment.    It is true that the order had the effect of setting aside the judgment, if it remained a final order,

in which event the plaintiff's appeal must necessarily fail, as there would remain nothing from which an appeal could be taken. If, however, the order should be reversed upon appeal, the judgment would remain intact; and if plaintiff's appeal is successful and this motion should be granted, then all remedy in favor of the defendant would be cut off. The defendant has not elected, in a legal sense, to accept the benefits of the order. He may not do so, because he is prevented by the act of the plaintiff in appealing therefrom; and until the defendant possesses the absolute legal right to proceed under his order, which the plaintiff may not defeat by action upon his part, his right to appeal from the judgment may not be concluded, as it may be that his eventual right to relief must rest upon his appeal from the judgment, and until his right to a new trial be finally settled such appeal must stand.

The plaintiff's motion to dismiss the appeal should, therefore, be denied.

All concurred.

Each motion to dismiss the appeal denied, without costs.