JOHN JACOB GOETZ, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Landlord and tenant — liability of the landlord for an injury, caused by an explosion on the demised premises in the business of the tenant — the main charge controlled by the final charge, inconsistent therewith — declarations of an agent, when not binding on his principal.*

In an action to recover damages for personal injuries, it appeared that the plaintiff was an employee of the defendant, The Metropolitan Street Railway Company, and had an office in a building owned by it; that a portion of such building had been leased by the Metropolitan Street Railway Company to the Compressed Air Power Company for the purpose of enabling it to determine whether compressed air could be successfully applied to street cars; that the railway company supplied the air power company with several street car bodies to which the air power company attached the trucks and machinery necessary to operate them with compressed air; that the railway company also permitted the air power company to use certain of its tracks, and that when they were thus used it furnished a motorman and conductor; that when it

became necessary to charge a car with compressed air, it was run into the portion of the building leased by the air power company, whose employees connected the reservoir underneath the car with the main reservoir by means of a piece of iron pipe; that while a car was being charged, the pipe burst and a fragment of it struck the plaintiff, causing the injuries of which he complained.

The court, after delivering the main charge, stated, at the request of the defendant, that "to entitle the plaintiff to recover, the jury must be satisfied that the defendant was in fact the owner of and engaged in the operation of the apparatus for charging the car with air, and was guilty of negligence in the use thereof," and submitted, among others, the following specific questions to the jury: "Q. In whose employ were the persons who were engaged in charging the car in question at the time of the accident?" and "Q. Was the accident in question due to the negligence of the defendant?" The jury answered the first question, "Compressed Air Power Co.," and the second question it answered in the affirmative.

*Held,* that the jury having found that the persons in charge of the car at the time of the accident were in the employ of the Compressed Air Power Company, the defendant, under the rule of law laid down by the court, was entitled to a verdict;

That in so far as the main charge was inconsistent with the charge made at the close thereof at the request of the defendant, the latter charge must be considered as controlling;

That declarations made by the general superintendent and president of the Metropolitan Street Railway Company, that at the time of the accident that company was in control of the apparatus used in charging the cars, were not admissible against the company unless it was first shown that such declarations were made as part of a transaction connected with some matter over or concerning which the officers were authorized to act.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of January, 1900, upon the verdict of a jury for $8,000, and also from an order entered in said clerk's office on the 9th day of February, 1900, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown,* for the appellant.

*George W. Wingate,* for the respondent.

McLAUGHLIN, J.:

This action was brought to recover damages for personal injuries. The plaintiff had a verdict, and from the judgment entered thereon the defendant has appealed. It has also taken a separate appeal

from an order denying a motion for a new trial on the minutes. Both appeals were argued together.

Before entering upon the argument the plaintiff's counsel moved to dismiss the appeal from the judgment upon the ground that it was not taken within the time provided by statute. The motion was undetermined at the time the argument of the appeals was made, but after having fully considered the question we are of the opinion that it must be granted. It is conceded that the appeal was not taken within the time provided by section 1351 of the Code of Civil Procedure, but the excuse presented is unsatisfactory and insufficient, and in this respect the case is unlike *Weeks* v. *Coe* (36 App. Div. 339), upon which the appellant relied. The defendant, however, having appealed from the order denying its motion for a new trial, is in a position to review all of the proceedings taken upon the trial, in so far as the same are presented by exceptions duly taken.

Upon the trial it appeared that the plaintiff on and for some time immediately prior to the 7th day of May, 1897, was employed by the defendant as a superintendent of a certain branch of its street railroad, and as such had an office in a large building owned by the defendant on Lenox avenue, between One Hundred and Forty-sixth and One Hundred and Forty-seventh streets, in the city of New York. A portion of this building, prior to the time the plaintiff was injured, had been leased by the defendant to a corporation known as " The Compressed Air Power Company," for the purpose of enabling it to determine whether compressed air could be successfully applied as a motive power to street cars, and in order that it might make the desired experiments the defendant supplied the air power company with several street car bodies, to which it attached the trucks and machinery necessary to operate them with compressed air. The defendant also permitted the air power company to use certain of its tracks, and when they were thus used it furnished a motorman and conductor to operate the cars. When it became necessary to charge a car with compressed air it was run into that portion of the building leased by the air power company, and its employees connected the reservoir underneath the car with the compressed air receiver or main reservoir by means of a piece of iron pipe some thirty-five feet in length. On the day in ques-

tion, while a car was being charged, this piece of pipe burst, a frag-ment of it struck the plaintiff, and he was seriously injured.

One of the principal questions litigated at the trial was whether or not the defendant operated or had any control over the car or the appliances used in charging it at the time when the pipe burst. The plaintiff contended in substance that the car and the apparatus were under the control of the defendant, while the defendant, on the other hand, contended that it had not only leased the premises in which the apparatus was located, but that it had no control either of the car or the apparatus with which it was being charged, or of the persons in control of it.

This issue was sent to the jury with instructions that " to entitle the plaintiff to recover, the jury must be satisfied that the defend-ant was in fact the owner of and engaged in the operation of the apparatus for charging the car with air, and was guilty of negli-gence in the use thereof." Special questions were submitted to the jury for their determination. (1) " Q. In whose employ were the persons who were engaged in charging the car in question at the time of the accident ?" and (2) " Q. Was the accident in question due to the negligence of the defendant ?" To the first question the jury responded : " Compressed Air Power Co.," and the second it answered in the affirmative. Other questions were submitted to them, but it is unnecessary to consider their answers, inasmuch as the same are not material to the determination of the question here presented.

The jury having found as a fact that the persons in charge of the car at the time the accident occurred were the employees of the air power company, the defendant, under the instruction given, was entitled to a verdict. According to the rule of law laid down by the learned trial justice, a recovery could only be had by the plain-tiff upon the jury finding that the defendant not only owned, but at the time operated, the apparatus used in charging the car, and they having found that it did not operate the apparatus, a verdict should have been rendered for the defendant and the court should have so directed. It is, however, urged by the respondent that to entitle the plaintiff to a verdict, it was not necessary that the jury should have found both of these facts, as directed by the court, and to justify his contention in this respect our attention is called to

another portion of the charge, in which the learned trial justice said : " If you find that the feed pipe was part of the car, and that the defendant, at the time of the accident, had acquired the machinery, apparatus and plant of the Compressed Air Company, or even if it had not acquired the same, and the work was being done by the Compressed Air Power Company, but that the defendant's officers knew, or by the exercise of due care should have had knowledge, that the material composing the feed pipe was, as claimed, insufficient in strength to stand the pressure of the air to which it was subjected at the time of the accident, and that it was dangerous to use such pipe without proper couplings, then it was the duty of the defendant to exercise reasonable care to ascertain the quality of the pipe and couplings, of which the feed or charging pipe was composed, and its manner of construction, and whether such a pipe or couplings had been tested in the customary and usual way," and that if the defendant had not performed its duty in this respect, the jury might find for the plaintiff.

It is apparent that the portion of the charge just referred to, being a part of the main charge, was inconsistent with the portion first alluded to, which was made at the request of the defendant at the close of the main charge, and under such circumstances we think the final instruction, in so far as it was inconsistent with what had theretofore been said, qualified the former to that extent and was the one which was to govern the jury in their deliberations. Under the finding as made, if we are correct in this conclusion, a verdict should have been directed for the defendant.

We are also of the opinion that the order must be reversed upon the exceptions taken to the admission of certain testimony. Witnesses were permitted to testify, against the defendant's objection and exception, that in conversations had with the general superintendent and president of the defendant, these officers, one or both of them, had at different times stated that at the time of the accident the defendant was in control of the apparatus used in charging the cars. These statements were inadmissible for the purpose of making the defendant responsible for the accident, or to render it liable to respond in damages for the injuries sustained by the plaintiff. Declarations of an agent are not competent to charge a prin-

cipal upon proof merely that the relation of principal and agent existed at the time when the declarations were made. Something more must be shown. "It must further appear that the agent, at the time the declarations were made, was engaged in executing the authority conferred upon him, and that the declarations related to and were connected with the business then depending, so that they constituted a part of *res gestæ.*" (*White* v. *Miller,* 71 N. Y. 118; *Happy* v. *Mosher,* 48 id. 313.) That the declarations referred to were made by the officers of a corporation in no way changes the rule. The declarations of officers of a corporation cannot be received for the purpose of subjecting it to liability, unless it be first shown that such declarations were made as part of a transaction connected with some matter over or concerning which the officer was authorized to act. (*First National Bank* v. *Ocean National Bank,* 60 N. Y. 297; *Baptist Church* v. *Brooklyn Fire Ins. Co.,* 28 id. 153; *Kay* v. *Metropolitan Street R. Co.,* 163 id. 447.)

Other questions are raised by the appellant, but having reached the conclusion that a new trial must be ordered, we do not consider it necessary to examine them.

It follows that the appeal from the judgment must be dismissed, with ten dollars costs and disbursements, and the order denying a motion for a new trial must be reversed and a new trial ordered, with ten dollars costs and disbursements to the appellant to abide the event of the action.

VAN BRUNT, P. J., PATTERSON and O'BRIEN, JJ., concurred.

RUMSEY, J. (concurring):

I agree with the opinion of the majority of the court that the conversations with the superintendent and president of the defendant, which were admitted in evidence under the objection and exception of the plaintiff, were incompetent and should have been excluded for the reasons given in that opinion. I concur in the result in this case solely because of the error of the court in the admission of that testimony.

Appeal from judgment dismissed, with ten dollars costs and disbursements. Order denying motion for new trial reversed and new trial ordered, with ten dollars costs and disbursements to appellant to abide the event.