(99 App. Div. 491)

### STERN v. WESTCHESTER ELECTRIC RY. CO.

(Supreme Court, Appellate Division, Second Department. December 1, 1904.)

1. CARRIERS—INJURY TO PASSENGER—CAUSE OF ACCIDENT—BURDEN OF PROOF.
    The burden is on a street railroad company, in an action by a passenger for injuries resulting from the falling of the poles or wires on the car, to show the cause of the accident.

2. SAME—NEGLIGENCE—JURY QUESTION.
    In an action for injuries to a passenger on one of defendant's open trolley cars, it appeared that the span wire broke from some unexplained cause while the car was going very fast; that the trolley pole and wire fell on the car, and, in the unusual commotion which ensued, plaintiff was either thrown or jumped in fright from the car, though in her complaint she alleged that she was thrown from the car. The evidence was conflicting, and would support either theory. The defendant offered no testimony as to why the pole or wire fell. Held, that the alleged negligence of the defendant was properly submitted to the jury.

3. SAME—INSTRUCTIONS—CONFLICT—ERROR.
    The court instructed that, if the car became so violent that plaintiff was thrown out involuntarily, then she could recover, but that if there

was no commotion or violence, and the car immediately stopped, and then, without any reason, she voluntarily got off, she could recover nothing. On requests for further rulings, the court charged that even if, though voluntarily, she was induced by the disorder to get off, then it would be attributable to the company, and also that the plaintiff must recover, if at all, on the theory that she was thrown from the car, "within the law as the court had laid it down." *Held,* that the charges were in such irreconcilable conflict as to require a reversal.

4. SAME—THEORY—TRIAL—APPEAL.
     The fact that the complaint alleged that plaintiff was thrown from the car would not defeat her right to recover on the theory of involuntary motion, unless the sufficiency of the complaint to sustain the recovery be first disposed of in the trial court.

Appeal from Trial Term, Westchester County.
Action by Caroline Stern against the Westchester Electric Railway Company. From a judgment for defendant, and an order denying a motion for a new trial, plaintiff appeals. Reversed.
Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Henry L. Franklin, for appellant.
Bayard H. Ames, for respondent.

HIRSCHBERG, P. J.  The plaintiff was injured while a passenger on one of the defendant's open trolley cars. The span wire broke from some unexplained cause while the car was going very fast, the trolley pole and wire fell upon the car, and, in the flashing of electric light and the unusual commotion which ensued, the plaintiff was either thrown or jumped in fright from the car. In the complaint she alleges that she was thrown from the car. The evidence was conflicting, and would support either the specific allegation of the complaint, or the somewhat equivalent theory that she involuntarily jumped from the car under the influence of an excitement naturally occasioned by the unexpected and to some extent portentous surroundings. The learned trial justice charged the jury that:

"When a wire breaks and falls, or a pole falls, there is some reason for it, and it is for the company to explain why and wherefore. I do not understand that they have given any testimony as to why the pole fell, or as to why the wire fell. They have only brought one witness here to show that a wire did fall, but the cause of it they have not given."

The evidence justified the charges quoted, and it must therefore be assumed that the alleged negligence of the defendant was properly submitted for the consideration of the jury.
The question which was chiefly presented to the jury under the charge and the rulings upon the requests to charge related to the plaintiff's right to recover in the event that it should be found that she jumped from the car, instead of being thrown, and in this respect the instructions were so conflicting as to require a new trial. In the main charge the court instructed the jury as follows:

"If this car became so violent from any cause that by the explosion of wires, or by the momentum at which it was going, and the added commotion of the passengers in the car— If by one or any of these things she was thrown out involuntarily, why, then, she had a good cause of action. * * *

But if you find, on the contrary, that the car got in no commotion, and that there was no violence; that, on the contrary, the car was immediately stopped; and that then, without any reason, not involuntarily, but voluntarily, she got down and got off—why, then, she has got no cause of action, and can recover nothing."

At the close of the charge the following requests, rulings, and exceptions appear:

"Defendant's Counsel: I ask your honor to charge that, even if the car became disordered and violent through the negligence of the defendant, the plaintiff cannot recover, if she voluntarily jumped from the car. The Court: I charged that. Plaintiff's Counsel: To which I except. The Court: If, even though voluntarily, it was induced by the happening of this disorder which has been described here, I think then that it would be attributable to the company. Defendant's Counsel: I except. I ask your honor to charge that whether the pole or wire fell or not is of no importance, unless that caused the plaintiff to be thrown from the car. The Court: I have told the jury that very clearly. It does not matter anything about the fall of it or your negligence, unless it is the thing that caused the hurt. Defendant's Counsel: I ask your honor to charge that, even if the plaintiff was justified in jumping from the car by reason of fright, that she cannot recover in this action. The Court: I decline. * * * Defendant's Counsel: I ask your honor to charge the jury that the plaintiff, to recover at all in this action, must recover upon the theory that she was thrown from the car. The Court: Yes; within the law as I have laid it down. Plaintiff's Counsel: To which I except."

The final charge is deemed to be the one which controls the deliberations of the jury. Goetz v. Metropolitan Street R. Co., 54 App. Div. 365, 369, 66 N. Y. Supp. 666; Freedman v. Metropolitan Street R. Co., 89 App. Div. 486, 488, 85 N. Y. Supp. 986. The charge as finally given instructed the jury that the plaintiff could only recover if she was thrown from the car, and such instruction necessarily excluded a right of recovery if she jumped even involuntarily through the effect of fear. Although the contrary had been previously charged, it was overcome by the explicit statement that a recovery could only be had upon the theory that the plaintiff had been thrown, and the addition of the phrase "within the law as I have laid it down" could not serve to harmonize the apparent irreconcilability to an ordinary understanding.

It is urged by the respondent that, inasmuch as the complaint alleges that the plaintiff was thrown from the car, there could be no recovery upon any other theory. She was not defeated upon that ground, assuming the proposition of law involved in the contention to be sound. Personally I am inclined to the view that there could be a recovery under either theory embraced within the plaintiff's proof. But if the complaint is not broad enough to embrace the case of an involuntary motion on the part of a passenger, induced by fear negligently created, the question should be raised and disposed of at the Trial Term or at a Special Term in the first instance. The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.