difference between the cost of the work and materials, under the plans and specifications, and the contract price, was a certain sum, which was the amount of their damage. *Held*, that it was error to dismiss the complaint on the ground that no cause of action had been made out against defendant.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by David Levine and Louis Seletzky against Morris Markowitz. From a judgment dismissing the complaint, plaintiffs appeal. Reversed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Samuel W. Levine, for appellants.

Emanuel I. Silberstein, for respondent.

GILDERSLEEVE, J. The case came on for trial before the court and a jury. The plaintiffs showed that on March 15, 1906, defendant made a contract with them to perform certain work and furnish certain materials in the alteration of a building at the agreed price of $3,150; that said work was to begin on April 1, 1906, unless a tenant in the building had not then moved out, in which case it was to begin on the 2d or 3d day of April; that on March 16, 1906, plaintiffs gave a contract to Kazlowitsky & Lubetsky to supply the iron work and material to be used in said building; that several days thereafter, but before April 1, 1906, defendant canceled his contract with plaintiffs; and that the cost of the work and materials under the plans and specifications, had they been allowed to complete their contract, would have been $2,750, so that the difference between the contract price (i. e., $3,150) and the amount which it would have cost him to perform the contract (i. e., $2,750) was $400, which was the amount of their damage. Devlin v. Mayor, etc., 63 N. Y. 8. At the close of plaintiffs' case the court dismissed the complaint, on the ground, apparently, that no cause of action had been made out against defendant. We think this was error.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.

---

(52 Misc. Rep. 468)

## WEINSTEIN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. February 4, 1907.)

1. EVIDENCE—DECLARATIONS OF EMPLOYÉS—RES GESTÆ.

Subsequent to the alleged happening of a street car accident, the street car company's employés could not make declarations that might constitute admissions tending to establish defendant's liability for injuries sustained therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 910, 912, 913, 931–933.]

2. SAME—HEARSAY.

Subsequent to the alleged happening of a street car accident, the street railway company's claim agent made a requisition on the superintendent of the division on which the accident was alleged to have occurred, reciting that the claim agent was advised that an accident had occurred on

November 17, 1903, at a certain point, and that the person was injured while getting off, caused by a sudden start, resulting from the conductor's ringing the bell too quickly, and called for a report. *Held*, that the declaration "getting off, sudden start, conductor rang bell too quickly," was hearsay, and that such requisition was inadmissible as res gestæ, as against the defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 354.]

**3. APPEAL—PREJUDICE.**

In an action against a street car company for injuries to a passenger, the erroneous admission of a requisition for information made by defendant's claim agent on the superintendent of the division on which the accident was alleged to have occurred was prejudicial; the court having charged that while defendant was not bound, so far as the manner in which the accident occurred was concerned, by such requisition, the jury were entitled to say, from the surrounding circumstances, whether it was a statement which came to defendant by reason of information derived from plaintiff, or from the conductor or motorman of the car, etc.

Dayton, J., dissenting.

Appeal from City Court of New York.

Action by Ray Weinstein against the Interurban Street Railway Company. From a judgment of the New York City Court in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Bayard H. Ames, for appellant.

M. P. O'Connor (J. Brownson Ker, of counsel), for respondent.

GILDERSLEEVE, J. This is the usual action to recover damages for injuries alleged to have been sustained through the careless operation of one of defendant's cars, upon which the plaintiff was a passenger. The jury in the court below rendered a verdict in favor of plaintiff, and from the judgment entered thereon, and the order denying defendant's motion for a new trial, defendant appeals.

The principal act of negligence charged by the plaintiff was the starting of the car while the plaintiff was in the act of alighting therefrom, and before she had been given a reasonable opportunity to get safely to the street. It appears that the car in question was being operated upon the Avenue C Division of the defendant. The alleged accident occurred on November 17, 1903, at which time one Avery Sickles was the accident clerk in the employ of defendant. Having been called as a witness for defendant, he stated that he had charge of the records of the company, which contained all reports from all conductors and motormen who had accidents on cars, and that he was unable to find any record of any accident whatever occurring to plaintiff, or any one else, at the time and place alleged in the complaint. To refresh the witness' memory as to a date, a written requisition of the claim agent to the superintendent of the Avenue C. Division for information in regard to the alleged accident in question was placed by defendant's counsel in the hands of the witness, whereupon plaintiff's counsel offered said requisition in evidence. Defendant's counsel objected, upon the ground that it was incompetent, irrelevant, and immaterial. The court overruled the objection, to which ruling an exception was duly taken, and

102 N.Y.S.—33

the paper was admitted in evidence and marked "Plaintiff's Exhibit A." The said paper bears date of December 28, 1903, and reads in substance as follows:

"Metropolitan Street Railroad Company. To the Superintendent of the Avenue C Division—Dear Sir: I am advised that an accident has occurred on Nov. 17, 1903, as follows: Mrs. Weinstein; location, Bowery and Prince; car No. 7; about 6 p. m.; getting off, sudden start, conductor rang bell too quickly. Please forward report and oblige. W. A. Dibbs, Claim Agent."

The judge below in his charge to the jury directed attention to this exhibit and said:

"You have a right to say, from the complaint in this action and from all the surrounding circumstances, whether that was a statement which came to the defendant by reason of information derived from the plaintiff, or by reason of information received from the conductor or motorman of the car. The defendant is not absolutely bound, so far as the manner in which this accident occurred, by this statement in writing; but you have a right to adduce whatever just inferences you can from the evidence in consideration, taking into consideration all the facts in the case at the time."

If any admission of fact contained in the requisition is to be considered as a declaration of some employé of defendant, it would not be binding on defendant. Subsequent to the happening of the accident, the employés of defendant were without authority to make declarations that might constitute admissions tending to establish defendant's liability. Such declarations cannot be said to be res gestæ, and would not be binding on defendant. Kay v. Met. St. Ry. Co., 163 N. Y. 447, 57 N. E. 751; Goetz v. Same, 54 App. Div. 365, 66 N. Y. Supp. 666. Moreover, it appears on the face of the requisition (Exhibit A) that the declaration, if one, "getting off, sudden start, conductor rang bell too quickly," was hearsay. The exhibit in question, for the reasons above stated, was improperly received in evidence. It was clearly of a nature calculated to prejudice the jury against defendant, especially in view of the portion of the charge to the jury above quoted, and its admission constitutes an error that demands a reversal of the judgment.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

BLANCHARD, J., concurs.

DAYTON, J. (dissenting). I do not concur in the opinion of my associates. At the time of the accident, Sickles, called by the defendant, was the accident clerk of the Avenue C Division of the Interurban Street Railway Company. He testified on direct examination as follows:

"I had the driver and conductor up on the case, and inquired of all who passed at that time. * * * I was accident clerk there at the time that requisition was put in to see if there was any accident happened at that time. * * * What first called my attention to an accident happening there was that I received a blank when I was down there, asking if any accident had happened—if the conductor or driver had made any report on the case. * * * I cannot remember the date of the requisition now. Q. Do you know how the authorities of your company knew it was car No. 7 [when] they directed your attention to investigate? A. I do not know about that, as I had all I could do to attend to my business. Q. Will that paper refresh your recollec-

tion as to the date when you looked up the accident? A. That refreshes my recollection as to the time when it was brought to my attention. The date was December 28, 1903. I have signed that. It is my signature."

Upon the offer of plaintiff's attorney, under defendant's objection and exception, the paper was marked in evidence and read to the jury. Referring to said exhibit, the court charged the jury as follows:

"Subsequent to the receipt of that complaint, and on the 28th day of December, six days after the receipt of the complaint, this requisition is dated and sent to the superintendent of the Avenue C Division, for information as to an accident to 'R. Weinstein'; and it states in there, 'Getting off; sudden starting; conductor rang bell too quick.' You have a right to say, from the complaint in this action and from all the surrounding circumstances, whether that was a statement which came to the defendant by reason of information received from the conductor or motorman of the car. The defendant is not absolutely bound, so far as the manner in which the accident occurred, by this statement in writing; but you have a right to adduce whatever just inferences you can from the evidence in consideration, taking into consideration all the facts in the case at the time."

This exhibit was an official document of the defendant, signed by its claim agent, giving the date of the accident, the name of the plaintiff, the location and time of the accident, and the number of the car and containing the words referred to in the charge of the judge. Sickles' report thereon is, "Please note attached statement of driver and conductor," which statement was not produced. The testimony of the driver and conductor is negative. Neither one of them denied the occurrence of the accident. Plaintiff's testimony is positive and substantially uncontradicted, so that Exhibit A might well have been disregarded by the jury. I think, however, that this official document, made by the servants and agents of the defendant, was properly received in evidence. In White v. Miller, 71 N. Y., at page 135, 27 Am. Rep. 13, the court says:

"The general rule is that what a person says out of court is not admissible to charge or bind another. The exception is in cases of agency; and, in cases of agency, the declarations of the agent are not competent to charge the principal upon proof merely that the relation of principal and agent existed when the declarations were made. It must further appear that the agent, at the time the declarations were made, was engaged in executing the authority conferred upon him, and that the declarations related to and were connected with the business then depending, so that they constituted a part of the res gestæ."

Were Claim Agent Dibbs and Accident Clerk Sickles engaged in anything else than in executing the authority conferred upon them? Did the declarations they made relate to the business then depending? Both questions must be answered in the affirmative, and, as these declarations relate to this controversy, they constitute a part of the res gestæ. To the suggestion that these declarations were hearsay, it may be inferred that they might have come from the driver and conductor. The complaint does not contain them, and the defendant did not attempt to enlighten the court or jury as to their source.

The cases cited in opposition to these views, are Kay v. Met. St. Ry. Co., 163 N. Y. 447, 57 N. E. 751, where the conductor denied on cross-examination that he had made certain statements after the accident to a third party. Said third party was called and gave the statement. Held error, on the ground that plaintiff's attorney could not, on

cross-examination, lay the foundation for impeaching the witness on matters not brought out on cross-examination. Also Goetz v, Met. St. Ry. Co., 54 App. Div. 365, 66 N. Y. Supp. 666, where a witness had testified that defendant's officers had said that defendant was in control of certain apparatus. Held error, as it was not shown that at the time the declaration was made the agent was engaged in executing the authority conferred upon him. It seems to me that these authorities do not meet the facts here, nor the rule laid down in Rogers v. Brooklyn Bridge, 11 App. Div. 141, 42 N. Y. Supp. 1046, where the court says:

"Having required this report, and it having been made and brought to their attention, they are chargeable with knowledge of its contents, and it becomes evidence against them for any legal purpose as an admission on their part of what it contains, and it is also admissible as an admission of the agent acting within the scope of his authority."

Also Reed v. McCord, 160 N. Y., at page 344, 54 N. E. 737:

"In a civil action, the admissions of a party of any fact material to the issue are always competent evidence against him, wherever, whenever, and to whomsoever made."

The judgment should be affirmed, with costs.