VAN HORN v. NEW YORK PIE BAKING CO.

(City Court of New York, Special Term. March 6, 1908.)

1. APPEAL—REQUISITES FOR TRANSFER OF CAUSE—NOTICE—SUFFICIENCY OF SERVICE.

The folded cover of a copy of a judgment concealed a notice of its entry indorsed thereon. The indorsement upon that part of the cover exposed to view, consisting merely of the word "Judgment," failed to show that a notice of entry was contained in the paper. Held, that the indorsements were misleading, in that the notice of entry might easily be overlooked, and the service of the paper, therefore, insufficient, under Code Civ. Proc. § 3190, limiting the time to appeal from the judgment after service thereof with written notice of entry.

2. SAME.

In such a case the party served was misled by the admission of service by his attorneys in signing their firm name under the words "Copy received," the only apparent indorsement being the word "Judgment," and the admission was not such a waiver as would relieve the other party from doing what was necessary in order to set the time to appeal running.

3. SAME—COMMENCEMENT OF PERIOD OF LIMITATION.

Where a judgment was entered by plaintiff, and a copy thereof, with notice of entry, was served upon defendant's attorneys, in order to bind defendant by Code Civ. Proc. § 3190, limiting the time to appeal after service of the judgment with written notice of entry, and thereafter an order was entered amending the judgment, the time to appeal did not begin to run against defendant until he was served with the amended judgment and notice of its entry.

Action by Edmond B. Van Horn against the New York Pie Baking Company. On motion to compel plaintiff to accept notice of appeal, etc. Motion granted.

C. Doremus, for plaintiff.
Finch & Coleman, for defendant.

FINELITE, J. This is a motion to compel the plaintiff to accept and receive the undertaking and notice of appeal heretofore served upon him, and that the defendant be allowed to enter an amended judgment dismissing the counterclaim set forth in its answer in accordance

with the provisions of the order entered herein on February 11, 1908. It appears from the facts presented upon this motion that a trial was had on the 5th, 6th, and 7th days of February, 1908, and on the 8th day of February, 1908, judgment was entered by the plaintiff, and on the same day a copy of said judgment, with notice of entry, was served on the defendant's attorneys; that defendant's attorneys admitted service of said judgment and notice of entry. The defendant by its answer had set up a counterclaim. The judgment did not adjudge the counterclaim dismissed. The jury rendered a verdict for the plaintiff. The court dismissed the defendant's counterclaim. The order entered by the plaintiff's attorney denying the defendant's motion for a new trial, as served upon the defendant's attorneys by the plaintiff's attorney, did not in terms adjudge the counterclaim dismissed. Thereupon an order was entered and served on February 11, 1908, with notice of entry thereon, amending the judgment to the effect that the counterclaim be adjudged dismissed.

The defendant's time to appeal from this judgment as amended and from the order amending it began from the service of the order and expired 10 days thereafter, to wit, the 21st day of February, 1908. Section 3190, Code Civ. Proc. The defendant served his notice of appeal and filed his undertaking with the clerk of this court on the 24th day of February, 1908. The 22d was a legal holiday, and the 23d was on Sunday. This notice of appeal and undertaking was returned to the defendant's attorney with an indorsement thereon that the time to appeal had expired. The defendant contends that his time has not yet commenced to run, and that he is not in default, for the reason that the plaintiff has not served him with a true copy of the order and proper notice of entry; that the paper served upon him did not conform with the original on file, in that there were certain discrepancies as to certain recitals of dates of affidavits, and that the notice of entry was so written on the copy of the papers served as not to be discoverable upon reasonable inspection of the papers. The indorsements upon said papers were also misleading, in that they failed to state that a notice of entry was contained therein.

In the case of Weeks v. Coe, 36 App. Div. 339, 55 N. Y. Supp. 263, the notice of entry was indorsed upon the cover exactly as in the case at bar, and it was there held to be insufficient. Judge Hatch, at page 342 of 36 App. Div., and page 265 of 55 N. Y. Supp., says:

"In the present case a person might unfold this paper, read the contents of the order, turn to the indorsement and read that, and yet be entirely unacquainted with the deadly menace to his rights that lay concealed within its folds. The reading of the order would not disclose the notice. Turning it to bring the indorsement upon the face of the cover into view would usually result in closing the folds, while in reading the face of the cover, the usual place of indorsement, one would only be informed that it was a copy of the order, and thus a veritable deadfall be set upon the right to appeal."

The plaintiff could have obviated this technical objection, and thus avoid an unnecessary motion to be compelled to receive the notice of appeal, if he had the indorsement upon a reasonably conspicuous part of the paper, to wit, upon the back thereof. The defendant was also misled when he gave admission of service by signing the firm name of

defendant's attorneys under the words "Copy received," as indorsed upon said paper was merely the word "judgment." As was said in the case of Livingston v. N. Y. El. R. R., 60 Hun, 473, 15 N. Y. Supp. 191, by Judge Barrett, writing a concurring opinion:

"An acknowledgment of the receipt of a defective paper by the appellant's attorneys and an expression of belief on their part that their time to appeal had commenced to run did not operate. in any sense as a waiver, and did not alter the legal effect of the plaintiff's failure to do what was requisite to set the time to appeal running."

When the judgment was amended by the order of February 11, 1908, it was the duty of the plaintiff's attorney to reserve the defendant's attorneys with the amended judgment and notice of entry thereon. Brown v. Hardie, 5 Rob. 678; Id., 28 N. Y. Super. Ct. 678. This was an order to amend a judgment, but did not set the time to appeal running until an amended judgment and notice of entry had been served. See, also, Gasz v. Strick, 3 N. Y. Supp. 830.

The defendant's practice in this case seems to be technical, but is justified under the circumstances, although there is sufficient in favor of the defendant to hold the plaintiff to the strict letter of the law in addition to the spirit thereof. The motion will therefore be granted. The terms and conditions of granting the defendant the relief prayed for as to costs will be settled in the order to be entered herein.