LOUIS NIRO, Doing Business under the Assumed Name and Style of NIRO CONSTRUCTION Co., Appellant, *v.* J. NEIL MAHONEY, Respondent.

Supreme Court, Erie County, March 25, 1938.

*Francis E. Kerwin,* for the respondent.

HARRIS, J. The plaintiff-appellant herein appeals from an order of the Hon. ROBERT J. SUMMERS, judge of the City Court of Buffalo, dated January 26, 1938, entered in that court on the 9th day of February, 1938, overruling certain objections that said appellant made especially to the jurisdiction of the hereinabove-named judge to hear a certain motion and from the order of said judge changing the date of entry of final judgment herein from December 21, 1937, to January 10, 1938.

After trial by the court and jury, judgment for the plaintiff herein was rendered on the 20th day of December, 1937. Thereafter and within proper time the defendant moved for a new trial, and on hearing such motion, by consent of the plaintiff, and on the 10th day of January, 1938, the amount of the verdict and of the judgment was reduced by the court. An entry was made on the judgment docket showing such reduction as of the date of the original entry of judgment, December 21, 1937. The appeal herein arises from a motion made by the defendant-respondent herein returnable before the Hon. ROBERT J. SUMMERS, judge, at a regular term of the court appointed to be held in Part 3 thereof on January 26, 1938. The object of such motion was to secure an order correcting the date of the final judgment so as to show the entry of the same as of the 10th day of January, 1938 (which was the date of the reduction of the verdict and judgment), instead of

the original date. On the return day of the motion before Judge SUMMERS, the plaintiff-appellant herein appeared specially and asked the court to dismiss the motion on the ground that the court had no jurisdiction to hear the same in that rule XX of the City Court provides that all motions shall be disposed of in Part 5 of the City Court, and on the further ground that the changing of such date would be a material variation of the judgment. (Buffalo City Court Act, § 46.) The court overruled the special appearance and motion of the plaintiff-appellant and granted the motion of the defendant-respondent and ordered the docket of the court to be changed so as to show the entry of the final judgment as of the 10th day of January, 1938.

The appeal herein is based on the same grounds as those stated by the plaintiff-appellant herein on his appearance before the City Court in reference to such motion. In reference to the first question, which is in effect a contention of the plaintiff-appellant that this motion should have been heard in Part 5 of the City Court under rule XX of the court, this court is of the opinion that the hearing of this motion by Judge SUMMERS, who tried the case, was at the most a mere irregularity, and is not a material error. From practice this court knows that even though the rules provide that motions should be heard in a certain part of court, if such motions can be more readily determined by the judge who tried the case, then the motions are frequently referred to such trial judge for disposition. In this case, this court is of the opinion that the trial court was more able, from his knowledge of the case, to decide the motion than would be any other judge of the City Court.

In reference to the other portion of the appeal, which has to do with the right of the City Court to change the notation on its docket as to the date of the entry of judgment, this court is of the opinion that the proper solution is to hold that the judgment in its amended form did not become effective until the court allowed the reduction in the verdict and judgment, and that, therefore, the entry as of January 10, 1938, is a proper disposition of the motion on its merits. (See *Weeks* v. *Coe*, 36 App. Div. 339; *Gasz* v. *Strick*, 19 N. Y. St. Repr. 315; *Brown* v. *Hardie*, 28 N. Y. Super. Ct. 678.)

The order of the City Court is affirmed, with ten dollars costs to the respondent to abide the event of the main appeal herein which is now pending.