[L. A. No. 5009.   In Bank.—May 18, 1917.]

## REBECCA J. MOORE et al., Appellants, v. HENRY STRAYER, Respondent.

New Trial—Limitation on Jurisdiction to Pass on Motion—Notice
of Decision.—Under section 660 of the Code of Civil Procedure, the
three months' period during which the trial court has jurisdiction to
pass on a motion for new trial does not commence to run until ser-
vice on the moving party of notice of the decision of the court, and
the fact that the moving party gave notice of his intention to move
for a new trial prior to receiving notice of the decision is not a
waiver of the notice of the decision.

MOTION to dismiss an appeal from a judgment of the
Superior Court of Los Angeles County.   Charles Wellborn,
Judge.

The facts are stated in the opinion of the court.

M. B. Butler, and R. A. Moore, for Appellants.

Tanner, Odell & Taft, and S. W. Odell, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Motion to dismiss an
appeal.

The judgment from which plaintiffs and cross-defendants
appeal was entered on May 1, 1916.   Appellants, without
waiting for service of notice of the decision of the court
(which notice, as shown by the record, was in fact duly
served on June 23d), served and filed their notice of inten-
tion to move for a new trial on May 15th, which motion, pur-
suant to notice given of the time of hearing thereof, was made
July 3d.   The court, however, made no ruling thereon until
September 18th, on which date it made a formal order deny-
ing the motion.   Respondent's contention is that the motion
was denied by operation of law three months after the filing
of the notice of intention, which expired on August 15th,
and hence the notice of appeal filed October 17th was too late.

We do not so construe the statute.   Section 941b of the
Code of Civil Procedure provides that notice of appeal shall
be filed within sixty days after entry of judgment, provided,
however: "If proceedings on motion for a new trial are

pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, or other termination in the trial court of the proceedings upon such motion." The words "*other termination*" include by way of reference the denial of the motion by operation of law as provided in section 660 of the Code of Civil Procedure, where it is said: "The power of the court to pass on motion for new trial shall expire within three months after the verdict of the jury or service on the moving party of notice of the decision of the court. If such motion is not determined within said three months, the effect shall be a denial of the motion without further order of the court." Under this provision the three months' time within which the court was empowered to act upon the motion did not commence to run until "*service* on the moving party of *notice* of the decision of the court.*"* This notice, as we have seen, was not served until June 23d, which date marks the time from which to measure the three months' period within which the court was vested with jurisdiction to pass upon the motion. If the rights of the party appealing were alone to be considered, the giving of the notice of intention might, as to him, be construed as a waiver of service of notice of decision, but the provision relates to the power of the court, jurisdiction of which to pass upon the motion is divested only by the *service* of notice of decision followed by the lapse of a period of three months, during which it is empowered to act on the motion for a new trial. It thus appears that the time within which the court was, under the provision of section 660, *supra,* required to act upon the motion did not expire until September 23d. The act of the court in making the order denying the motion was had on September 18th, which was five days before the expiration of the three months from service of the notice of decision.

It follows that the notice of appeal served on October 17, 1916, was within the time specified therefor.

The motion to dismiss is denied.

Sloss, J., Melvin, J., Shaw, J., Henshaw, J., and Angellotti, C. J., concurred.