[Civ. No. 3027. Second Appellate District, Division Two.—November 5, 1919.]

REBECCA J. MOORE et al., Appellants, v. HENRY STRAYER, Respondent.

[1] PROMISSORY NOTES—CONSIDERATION—FINDING—EVIDENCE.—In this action for the cancellation of a certain note and mortgage alleged to have been executed without consideration, the findings against the plaintiffs are amply supported by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from orders denying motions for a new trial and to tax costs. Chas. Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. B. Butler and R. A. Moore for Appellants.

S. W. Odell and Tanner, Odell & Taft for Respondent.

THOMAS, J.—This is an action for the cancellation of a certain note and mortgage, alleged to have been made, executed, and delivered by plaintiffs to defendant Strayer, on the ground "that the said mortgage and note were made without any consideration and are void; no money or other property of value was ever paid to or delivered to these plaintiffs for the consideration of said mortgage."

Defendant's answer denied all the material allegations of plaintiffs' complaint, and alleged that two thousand dollars had been paid by defendants to plaintiffs through Jas. H. Gaut Company, of Pasadena, California, that plaintiffs had thereafter made three payments of interest on the note, and that the plaintiff R. A. Moore had himself indorsed two of said interest payments thereon. Defendant Strayer—being the only answering defendant—also filed a cross-complaint setting up in the usual form the execution and delivery of said note and mortgage, and the default thereon made in the payment of interest, and that he had elected to declare the whole sum due, praying for a foreclosure of the mortgage. Plaintiffs thereafter filed their answer to the cross-complaint, setting forth substantially the same allegations as contained in their complaint, and alleging that "subsequent to the twenty-fourth day of April, 1914, and on or about the seventh day of May, 1914, cross-defendants did place the note and mortgage in the custody of James H. Gaut Company, of Pasadena, on the condition, and not otherwise, that said note and mortgage become effective and of force as such instruments when two thousand dollars is paid on a certain two thousand five hundred dollar note which was secured by a prior mortgage on said real property; that said two thousand dollars, or any part thereof, was not paid on said two thousand five hundred dollar note." Cross-defendants also denied that there was any interest overdue or unpaid, and alleged that the nine months' interest referred to as having been paid by them was paid by reason of the belief of cross-defendants that the two thousand dollars for which the said two thousand dollar note and mortgage were

executed had been paid on the two thousand five hundred dollar note, and that they had no knowledge that said two thousand dollars had not been so paid, as alleged, at the time when the said interest payments were in fact made. The court found against the plaintiffs on all the issues, and decreed that defendant Strayer have judgment foreclosing said mortgage. Judgment was entered accordingly. There was a motion for new trial and a motion to retax costs, both of which were denied. The appeals here are from the judgment and each of said orders.

Respondent contends that the appeal comes too late; but that question has been settled contrary to such contention. (*Moore* v. *Strayer*, 175 Cal. 171, [165 Pac. 530].)

As to the said orders, and each of them, we can see nothing in this case which would justify their disturbance.

[1] As to the judgment, four specifications of error are urged, but they all go to the sufficiency of the evidence to support the findings. We have read the entire record, and are satisfied that the findings are amply supported by the evidence.

The judgment and orders appealed from are, and each of them is, affirmed.

Finlayson, P. J., and Sloane, J., concurred.