[S. F. No. 11569. In Bank.—September 25, 1925.]

WILLIAM STREHLOW et al., Respondents, v. PRESSLEY MOTHORN, Appellant.

[1] NEW TRIAL—POWER TO PASS ON MOTION—TIME—NOTICE.—Where no notice of entry of judgment is given, neither the act of defendant in applying for and obtaining an order staying execution on the judgment, nor his act in serving a notice of intention to move for a new trial, or his act in serving and filing his notice of appeal from the judgment, will put in motion the sixty-day period within which the trial court, under section 660 of the Code of Civil Procedure, may pass on defendant's motion for a new trial.

[2] ID.—BILL OF EXCEPTIONS—TIME.—Where a motion for a new trial is denied by the trial court within the time within which it has power to pass upon such a motion, the time to prepare, serve, and file a bill of exceptions, under section 650 of the Code of Civil Procedure, begins to run from notice of the decision denying said motion.

(1, 2) 4 C. J., p. 278, n. 77; 29 Cyc., p. 931, n. 76; 36 Cyc., p. 1107, n. 30, 32.

MOTION to strike out bill of exceptions on appeal from a judgment of the Superior Court of Sonoma County. H. L. Preston, Judge Presiding. Motion denied.

The facts are stated in the opinion of the court.

R. M. F. Soto for Appellant.

A. W. Hollingsworth and W. F. Cowan for Respondents.

RICHARDS, J.—The plaintiffs and respondents move the court for an order striking out the bill of exceptions contained in the transcript on appeal herein, upon the ground that it was served and presented for settlement to the trial court too late. The record herein discloses that this was an action for an injunction with damages; that the findings of fact and conclusions of law of the trial court were filed on

1. See 20 Cal. Jur. 192.
2. See 2 Cal. Jur. 407.

September 5, 1922, and that the judgment of said court based thereon was also filed and entered on that day; that no notice of the entry of said judgment was ever served upon the defendant. On September 13, 1922, the defendant applied to the trial court for and obtained an order staying execution. On September 14, 1922, the defendant served his notice of intention to move for a new trial. On September 18, 1922, he served upon the plaintiff and filed his notice of appeal from the judgment wherein he recited that he ''appeals to the supreme court of the state of California from the final judgment in said action given in favor of the plaintiffs and against said defendant, entered on the 5th day of September, 1922, and from the whole of said final judgment.'' On May 7, 1923, the trial court made and entered its formal order after a hearing thereon denying the defendant's motion for a new trial. Thereafter the defendant obtained by order of court or by stipulation between the parties additional time within which to prepare and serve his bill of exceptions, in each of which stipulations, however, the plaintiffs through their counsel stated that they objected and at all times would object to the settlement or allowance of any bill of exceptions to be used by the defendant on his appeal from the judgment, upon the ground that the same were not presented within the time limited by section 650 of the Code of Civil Procedure. The plaintiff also and on October 18, 1923, served upon the defendant and filed with the court a notice of their said objection in the same words and effect; and also in proposing their amendments to the defendant's proposed bill of exceptions reserved the same objection; and they also upon the hearing upon and settlement of said bill of exceptions made and reserved the same objection. The trial court, however, overruled said objection and allowed and settled said bill of exceptions and the same as thus allowed and settled became with the said several objections thereto a part of the transcript on appeal thereafter prepared and filed herein.

The basis of the motion of plaintiffs and respondents to have said bill of exceptions stricken from the files and disregarded upon this appeal is this: That the defendant by his act in moving for and obtaining from the trial court on September 13, 1922, an order ''that execution upon the judgment herein be stayed five days from the date hereof,'' and also by his action in serving and filing on September 18,

1922, his notice of appeal to this court "from the final judgment in said action . . . entered on the 5th day of September, 1922, and from the whole of said final judgment," had thereby waived notice of entry of said judgment; that by virtue of such waiver thus appearing upon the records and files of said trial court no other or further notice of the entry of said judgment was required to be served upon the defendant in order to set in motion the running of the statutory time within which, under section 650 of the Code of Civil Procedure, the said defendant must have prepared and served his bill of exceptions and also the time within which, under section 660 of the same code, the trial court must have determined the defendant's motion for a new trial.

The respondent cites numerous cases wherein it has been decided that the party to an action desiring to move for a new trial or take an appeal may waive his statutory right to notice of the decision or of the entry of judgment by doing some act which caused it to appear upon the records and files of the trial court that such party had actual knowledge of the fact of the filing of the decision of the court or of the entry of its judgment; and that in such cases formal and written notice of the court's action was not necessary to be served upon such party in order to start the running of the time within which he must exercise his statutory rights in presenting his motion for a new trial or to take and present a record upon appeal. As, for example, it has been held by this court in the case of *Gardner* v. *Stare*, 135 Cal. 118 [67 Pac. 5], that a party by applying to the court for and by obtaining a stay of execution upon the judgment thereby waived his right under section 659 of the Code of Civil Procedure to receive the "notice of decision" provided for in said section of the code. In the case of *Fiske* v. *Gosbey*, 168 Cal. 334 [143 Pac. 611], it was held upon the authority of *Estate of Keating*, 158 Cal. 113 [110 Pac. 109], that the filing of a notice of appeal from a judgment or order is conclusive evidence that the appellant knew of such judgment or order so as to set in motion the time within which he must give the notice to the clerk for the preparation of the transcript required by section 953a of the Code of Civil Procedure. In the case of *Hughes* v. *DeMund*, 195 Cal. 242 [233 Pac. 94], it was held that the service and filing by a defendant of a notice of appeal from a judgment dispensed with necessity of the notice of entry of judgment or,

in case of a pending motion for a new trial, of the notice of decision denying said motion so as to set the time running within which the party otherwise entitled to such notices under section 650 of the Code of Civil Procedure must prepare and serve his bill of exceptions. The foregoing decisions rest upon a long line of earlier cases to the same effect. [1–2] It is to be observed, however, that the question presented by this motion is not as to whether the appellant herein, by his affirmative action in applying for a stay of execution or in serving and filing his notice of appeal from the judgment, has waived his statutory right to notice of the entry of said judgment; but the question here presented is as to when the power of the superior court to pass upon the motion for a new trial herein expired under the provisions of the closing clause of section 660 of the Code of Civil Procedure, which now reads as follows: "The power of the court to pass on motion for a new trial shall expire within two months after the verdict of the jury or service on the moving party of notice of the entry of the judgment. If such motion is not determined within said two months, the effect shall be a denial of the motion without further order of the court."

The foregoing limitations upon the power of trial courts in the matter of considering and disposing of motions for new trial were added to said section of the code by the legislature of 1915. (Stats. 1915, p. 202.) The section as then amended provided for a period of three months "after the verdict of the jury or service on the moving party of notice of the decision of the court within which the power of the court must be exercised in passing upon the motion for a new trial; and it was further therein provided that if said motion is not determined within said three months the effect shall be a denial of the motion without further order of the court." In the case of *Moore* v. *Strayer*, 175 Cal. 171 [165 Pac. 530], the interpretation of the foregoing amendment to section 660 of the Code of Civil Procedure came directly before this court in a case wherein it was contended upon motion to dismiss an appeal that the appellants by serving and filing their notice of intention to move for a new trial without waiting for service of notice of the decision of the court had thereby set in motion the running of the time within which the trial court had power to determine said motion, and that said motion not having

been determined by the court within said time, had been denied by operation of law upon a date more than thirty days prior to the filing of the notice of appeal. This court, however, rejected this contention and in so doing laid emphasis upon the language of said amendment to the section requiring "*service* on the moving party of *notice* of the decision of the court." In so doing this court proceeded to say: "If the rights of the party appealing were alone to be considered, the giving of the notice of intention might, as to him, be construed as a waiver of service of notice of decision, but the provision relates to the power of the court, jurisdiction of which to pass upon the motion is divested only by the *service* of notice of decision followed by the lapse of a period of three months, during which it is empowered to act on the motion for a new trial." The legislature of 1917 (Stats. 1917, p. 240) amended the foregoing amendment to said section by substituting the words "notice of the entry of the judgment" in place of the words "notice of the decision of the court," and the legislature of 1923 (Stats. 1923, p. 233) further amended the same by shortening the time within which the power of the trial court to pass upon motions for new trial must be exercised from "three months" to two months. In making said latter amendment the legislature re-enacted the section with the interpretation which this court had theretofore placed upon it. If a reason is to be sought for the employment by the legislature of the explicit language of its first amendment to section 660 of the Code of Civil Procedure made in 1915, designating "service of notice of the decision" and of its later amendment thereto requiring "service of notice of the entry of judgment" as the definite act which should fix the date when the power of the court to pass upon a motion for a new trial should begin to run and also the date when such power should terminate, it might be found in the apparent desire of the framers of both amendments to do away with all uncertainty as to the power and jurisdiction of trial courts in the premises. However this may be, we are constrained to hold that the intent of the legislature as expressed in the explicit terms of the statute must be given effect. In the absence from the record in the instant case of any showing of service of notice of the entry of judgment the time within which the trial court was required to pass upon the motion for a new trial had not begun to run

at the time of the submission of said motion for a new trial and had not expired when on May 7, 1923, the court made and entered its order denying the same. It is conceded that if the respondents' said objection was not well taken, the appellant within the time allowed by law, by the order of court and by the stipulation of the parties, prepared and presented his bill of exceptions which is now sought to be stricken from the transcript on appeal. It follows that the reiterated objections of the respondents to the presentation and settlement of said bill of exceptions were without avail and that their present motion to strike out the same must be denied. It is so ordered.

Shenk, J., Seawell, J., Lennon, J., Lawlor, Acting C. J., Waste, J., and Houser, J., *pro tem.,* concurred.