[L. A. No. 8426. In Bank.—October 27, 1925.]

KATHRYN W. HUTTON, Respondent, v. WILLIAM CHAPMAN et al., Appellants.

[1] APPEAL — NEW TRIAL — ABSENCE OF NOTICE OF ENTRY OF JUDGMENT—TIME—DENIAL OF MOTIONS TO DISMISS.—Where no notice of entry of judgment was ever given, served, or filed, and notice of intention to move for a new trial was served and filed nineteen days after entry of the judgment, and a motion to strike from the files the notice of intention to move for a new trial was served and filed almost three months after said notice of intention was served and filed, which motion was granted by the trial court, the contention that the serving and filing of the notice of intention to move for a new trial constituted a waiver of notice of the entry of judgment and that the power of the court to pass upon said motion for a new trial expired within two months thereafter, under the terms of section 660 of the Code of Civil Procedure, cannot be sustained; and appeals from said judgment and from said order striking from the files said notice of intention to move for a new trial, notices of which appeals were served and filed on the same day that the trial court granted the motion to strike from the files the notice of intention to move for a new trial, were within time.

(1) 3 C. J., p. 1053, n. 11; 4 C. J., p. 601, n. 18 New.

MOTIONS to dismiss appeals from a judgment of the Superior Court of Los Angeles County and from an order striking from files a notice of intention to move for a new trial. Wm. D. Dehy, Judge. Motions denied.

The facts are stated in the opinion of the court.

Charles Lantz, W. P. Hyatt and F. C. Huber for Appellants.

Charles S. Conner for Respondent.

RICHARDS, J.—The respondent moves to dismiss two appeals taken by the defendants, the first being an appeal from the judgment and the second an appeal from an order striking from the files the defendants' notice of intention to move for a new trial. As to the first of these

1. See 2 Cal. Jur. 409; 20 Cal. Jur. 192.

motions the record upon which it is based discloses that the action is one to quiet title; that judgment in favor of plaintiff was rendered on May 2, 1924, and entered on May 8, 1924. No notice of the entry of judgment was ever given, served or filed. Notice of intention to move for a new trial was served and filed on May 27, 1924, and an amendment to such notice of intention was filed on August 27, 1924. Notice of motion to strike from the files the notice of intention to move for a new trial was served and filed on August 22, 1924, and was granted on September 3, 1924. Both notices of appeal were served and filed on the last-named date. [1] The motion to dismiss the appeal from the judgment is based upon the ground that said appeal was taken too late, the basis of said motion being that the defendants having, by the serving and filing of their notice of intention to move for a new trial on May 27, 1924, waived notice of the entry of judgment, the power of the court to pass upon said motion for a new trial expired within two months thereafter, under the terms of section 660 of the Code of Civil Procedure. This precise question was determined by this court adversely to the respondent's contention in the case of *Strehlow* v. *Mothorn, ante,* p. 112 [239 Pac. 850], and upon the authority of that decision the motion of the respondent herein to dismiss the appeal from the judgment must be denied.

As to the respondent's motion to dismiss the appeal from the order striking the defendants' notice of intention to move for a new trial from the files, said motion being based solely upon the ground that if the appeal from the judgment is dismissed for the reason urged the appeal from said order would be ineffectual, this being the sole ground of the latter motion, it follows that since the motion to dismiss the appeal is to be denied for the reasons stated, the motion to dismiss the appeal from the order striking the defendants' notice of intention to move for a new trial from the files must also be denied.

The motions are denied.

Myers, C. J., Waste, J., Lennon, J., Lawlor, J., Seawell, J., and Shenk, J., concurred.