[Civ. No. 3242.   Third Appellate District.—February 8, 1927.]

## LOUIS ENGELBERG, Respondent, v. SAM SEBASTIANI, Appellant.

[1] APPEAL—MOTION TO DISMISS—PENDING MOTION FOR NEW TRIAL—RECORD.—Where the facts relied upon to support a motion to dismiss an appeal on the ground that appellant has failed to have prepared and to file a record on appeal within the time required by law are those certified by the clerk of the trial court, which certificate is dated about two and one-half months after the entry of judgment, and such certificate shows that on the day judgment was entered appellant filed his notice of appeal from the judgment and notice of motion for a new trial, but it does not appear whether notice of entry of judgment was ever served upon appellant, it is not made to appear that the power of the trial court to pass on the motion for a new trial has expired, and the motion to dismiss must be denied.

[2] ID. — BILL OF EXCEPTIONS — REPORTER'S TRANSCRIPT — TIME.—The time within which to prepare a bill of exceptions, under the provisions of section 650 of the Code of Civil Procedure, or to request a transcript, under section 953a of the Code of Civil Procedure, does not begin to run until the termination of a pending proceeding for a new trial.

---

(1) 29 Cyc., p. 931, n. 76.   (2) 4 C. J., p. 210, n. 23, p. 278, n. 73.

MOTION to dismiss an appeal from a judgment of the Superior Court of Sonoma County.   Ross Campbell, Judge. Motion denied.

The facts are stated in the opinion of the court.

W. F. Cowan for Appellant.

Barrett & McConnell and Samuel M. Samter for Respondent.

FINCH, P. J.—This is a motion to dismiss the defendant's appeal from the judgment herein on the ground that appellant has failed to have prepared and to file a record on appeal within the time required.  **[1]**  The facts upon which respondent relies are certified by the clerk of the trial court to be as follows:

Judgment was entered September 28, 1926.  Thereafter on the same day the defendant filed his notice of appeal from the judgment and notice of motion for a new trial.  The "said motion for a new trial has never been argued nor presented to said superior court, and no order granting or denying a new trial has ever been made or entered in said cause." No request has been made "for a transcript under the provisions of section 953a of the Code of Civil Procedure"; "no bill of exceptions has ever been filed, . . . nor has any transcript in said action been prepared or filed under the provisions of said section 953a; . . . no order has been made or entered by said superior court allowing additional time within which to prepare or serve a draft of a proposed bill of exceptions upon said appeal; . . . and . . . no proceedings for a bill of exceptions or transcript, under said section 953a, are pending in said trial court, as appears of record." The clerk's certificate is dated December 13, 1926.

It does not appear whether notice of entry of the judgment has ever been served upon defendant.  It has not been made to appear, therefore, that the power of the trial court to pass on the motion for a new trial has expired.  (*Strehlow* v. *Mothorn*, 197 Cal. 112 [239 Pac. 850].)  Since it does not appear that the proceeding on motion for a new trial has been terminated, the motion to dismiss must be denied. **[2]**  The time within which to prepare a bill of exceptions, under the provisions of section 650 of the Code of Civil Procedure, or to request a transcript, under section 953a of the Code of Civil Procedure, does not begin to run until the termination of a pending proceeding for a new trial.

The motion to dismiss the appeal is denied.

Buck, J., *pro tem.*, and Plummer, J., concurred.