HORACE W. CARPENTIER v. JOSEPH THURSTON et als.

CONSTRUCTION OF AMBIGUOUS NOTICE.—If there is any ambiguity in the terms of a notice, rendering its meaning doubtful, the construction must be most strongly against the party giving the notice.

NOTICE OF DECISION OF JUDGE.—If the case is tried by the Court, and a decision orally announced in favor of plaintiff from the bench, and entered by the Clerk in his minutes, and the Judge several days afterwards in vacation signs the formal written findings and a draft of judgment, and delivers them to plaintiff to be filed, a notice served by plaintiff on defendant on the day of the signing and delivery of said findings and judgment, that the findings have "this day been signed by the Judge, and his decision herein rendered in favor of plaintiff," is a notice of the findings and decision thus signed in vacation, and not of the decision first made in open Court.

WHEN THE DECISION NOTIFIED WAS RENDERED.—The decision of which notice was thus given cannot be said to have been rendered till it was filed by the Clerk, and became a record of the Court; and a notice of motion for new trial given within two days after such filing was in time.

TIME OF SERVICE OF NOTICE FOR NEW TRIAL.—Notice of motion for a new trial may be served within ten days after receiving written notice of the rendering of the decision by the Court.

APPEAL from the District Court, Fifteenth Judicial District, Contra Costa County.

Plaintiff moved to strike defendants' statement on motion for a new trial from the files, for the reason that defendants had suffered more than ten days to elapse after receiving written notice of the decision, before they gave notice of their intention to move for a new trial. The Court denied the

motion, and from the order denying the motion the plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow,* for Appellant.

*J. W. F. Sloan, J. B. Crockett,* and *T. A. Brown,* for Respondents.

By the Court, SAWYER, J. :

The cause having been tried by the Court without a jury, the decision was announced in open Court at Martinez, Contra Costa County, on the 24th of February, and judgment for plaintiff ordered.    Thereupon the following order was entered in the minutes of the Court·:

" *H. W. Carpentier,* plaintiff, v. *Joseph Thurston et als.,* defendants.—This cause having heretofore been tried by the Court and taken under advisement, it is now ordered that judgment be entered against the defendants and in favor of the plaintiff, according to the prayer of the complaint.    The findings of the Court to be filed hereafter."

On the 11th of March the Judge delivered to the plaintiff, at San Francisco, written findings, and a draft of judgment, signed by him, together with a written order directing the Clerk to file the same, at the same time instructing said plaintiff to forward the same to the Clerk at Martinez to be filed. On the same day plaintiff delivered the same, properly enveloped and addressed, to Wells, Fargo & Co.'s Express, to be forwarded.    On that day, also, plaintiff served upon defendants' attorney, at San Francisco, the following notice, viz. : " Fifteenth District Court, Contra Costa County.—*H. W. Carpentier* v. *Joseph Thurston et als.*    Please take notice that the findings in the above entitled cause have this day been signed by the Judge of said Court, and his decision herein rendered in favor of the plaintiff.    March 11th, 1865."

On the 13th of March the Clerk of the Court filed said findings and judgment, and entered the judgment in pursuance

thereof.   On the 22d of March defendants gave notice of their intention to move for a new trial.   The question is, was the notice given in time?   Where an action is tried by the Court, the notice of intention must be given " within ten days after receiving written notice of the rendering of the decision of the Judge."   Of what did the document served on defendants' attorneys on March 11th give defendants notice?   Of the decision announced in open Court and entered in the minutes February 24th, or of the findings and decision as contained in the papers forwarded from San Francisco March 11th—the day on which the notice was served?   If of the latter only, then defendants have not yet, so far as shown by the record, received written notice of the former action of the Court.   If there is any ambiguity in the terms of the notice, rendering its meaning doubtful, the construction must be most strongly against the plaintiff.   It is his document.   The language was chosen by himself.   If it fails to convey clearly his meaning to the other party the fault is his, and the consequences must be on him.   There is no reference in terms to the decision announced and the order entered on the 24th of February. On the contrary, it is expressly limited to the documents " *this day* " signed.   The language is :   " Please take notice that findings in the above entitled cause have been this day signed by the Judge of said Court, and his decision herein rendered in favor of the plaintiff."   Supplying the ellipsis which the grammatical construction requires, it would read, " and his decision herein this day rendered in favor of the plaintiff."   Any person having no knowledge that a decision had before been promulgated would necessarily so understand it—that the Judge has *this day* signed the findings, and that the decision thus rendered is in favor of the plaintiff.   And we cannot presume the defendant to have been informed of the former action of the Court.   There was but one way of giving him legal information of the fact that a decision had been rendered, and that was by written notice.   The Judge had in fact, on the day of the service of said notice, signed his findings and a judgment, and given them to the plaintiff to be

forwarded to Martinez to be filed. And this notice cannot be reasonably construed to refer to anything else. It gave defendant notice of that particular document and no other, and he was not called upon to act upon any other. If it be urged that the finding filed on the 13th is not the decision rendered in the case, it is still the only one of which defendants have had notice; and if not the decision, they are still without written notice of the decision rendered. But treating this as the decision of which defendant was bound to take notice, it was not announced in open Court, and it cannot be said to have been rendered till it was filed and became a record of the Court. The filing is shown by the record to have been on the 13th, and upon this view they had till the 23d within which to give notice of their intention to move for a new trial.

We think, therefore, that the notice was in time, and that the order appealed from should, on the grounds stated, be affirmed; and it is so ordered.