## WEEKS v. COE.

(Supreme Court, Appellate Division, Second Department. January 10, 1899.)

1. ORDER FOR NEW TRIAL—TIME FOR APPEAL—SUSPENSION.

 A motion for a resettlement calling for a substantial change in the terms on which an order for a new trial was granted suspends Code Civ. Proc. § 1351, imposing a limitation of 30 days on the right to appeal from the order after service thereof with a written notice of its entry.

2. SAME—NOTICE.

 The folded cover of a copy of an order granting a new trial on terms concealed a notice of its entry indorsed thereon, but exposed the indorsement, "Copy. Order granting new trial," and it was quite possible to open and read the order without discovering the notice of entry. *Held* that, where the party served did in fact overlook the notice he was not bound by Code Civ. Proc. § 1351, limiting the time to appeal from the order after service thereof with written notice of entry.

**3. SAME.**

A notice of an entry of an order granting a new trial stated that it was a copy of an order made and entered on October 29th, but the order's heading, and the certificate of the clerk attesting the same, as shown by the copy served at the same time, showed that it was made October 22d. *Held* an irregularity making it insufficient to limit the time to 30 days in which to appeal after service of the order with written notice of its entry, as provided by Code Civ. Proc. § 1351.

**4. APPEAL—DISMISSAL.**

Pending an appeal from an order for a new trial, an appeal from the judgment will not be dismissed.

Appeal from special term.

Action by Count W. Weeks against E. Holloway Coe, as executor, etc. Judgment for plaintiff, and defendant appealed. Pending the appeal a new trial was ordered, and plaintiff appealed. Each party moves to dismiss the other's appeal. Motions denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

H. M. Whitehead, for plaintiff.
Hotchkiss & Maddox, for defendant.

HATCH, J. These are cross motions to dismiss appeals taken by each party herein. The action was tried before a referee, and the plaintiff, securing a favorable report, entered judgment thereon. After the entry of judgment the defendant duly appealed therefrom. Subsequently he made a motion for a new trial, upon affidavits setting forth newly-discovered evidence. This motion was granted, upon payment of the costs of the trial and certain other specified items. Thereafter, and on October 29, 1898, the defendant entered an order in the clerk's office of the county of Westchester, bearing date the 22d day of October, and certified by the clerk as having been granted on that day. A copy of this order was served upon the plaintiff's attorney on the day of its entry, and upon the cover containing the order was indorsed, "Copy. Order granting new trial." On the day of the entry of this order the defendant also served a notice of resettlement, but such resettlement was not acted upon by the court until the 18th day of November, 1898, when the justice granting the same refused to alter or resettle the order as made and entered. Upon the cover of the copy of the order served was also indorsed a notice of the entry of the order, which stated that it was made and entered on the 29th day of October. The paper cover when folded entirely concealed the notice of entry of the order, and in that condition showed alone upon its face that it was a copy of an order granting a new trial. It was quite possible to open and read the order without discovering the notice of entry, and the managing clerk of plaintiff's attorney, upon whom service of the order was made, states in an affidavit that he did not discover the existence of this notice until the attorney for the defendant refused to accept a notice of appeal therefrom 32 days after its entry. The motion of the defendant is to dismiss the plaintiff's appeal from the order. Immediately upon the entry of the order granting the motion for a new trial, the

defendant sought to avoid its force and effect in a substantial particular, and he gave notice to the plaintiff of such purpose. Thus the plaintiff occupied a position, pending the time between the notice of motion to resettle the order and the final determination of the court, in which he was unable to determine whether or not the order as then entered would be the final order upon the motion which would be made. Under such circumstances we think that the force and effect of the notice of motion for resettlement was to suspend the operation of the former order, so far at least as the time in which an appeal might be taken therefrom is concerned. If the defendant's motion to resettle had been granted, it would have substantially changed the order; and it may very well be that the party would be willing to comply with the original order and not be willing to comply with the order as resettled. There can be no propriety in insisting on a party's appealing within a specified time from an order which the very party who obtained the order is seeking to set aside, not by appeal, but by a rehearing before the same tribunal that granted it. We think that a party who seeks to avoid the order by an application to the court which made it, and to procure another order in its place and stead, ought not to be heard to insist that the final order is considered to have been entered until such time as the result of his efforts to procure a modification is determined by the court which made it.

This case is plainly distinguishable from Hewitt v. City Mills, 136 N. Y. 211, 32 N. E. 768. The costs in that case were the mere incident of the judgment recovered by statute; and by the very language of that decision the judgment remained intact, and the amount of the retaxed costs, if less than those entered in the judgment, was to be deducted from the execution. In the present case the application was not to change a mere incidental part of the order, but to change the order itself in a substantial particular. This would be sufficient to defeat the defendant's motion; but there are other reasons why he may not succeed. It is well settled that where a party seeks to limit the time of his adversary to appeal he must be strictly regular in his practice to accomplish that result. In re New York Cent. & H. R. R. Co., 60 N. Y. 112; Kelly v. Shehan, 76 N. Y. 325. The defendant has not fulfilled this requirement. The notice provided by Code Civ. Proc. § 1351, must be so given that the attention of the party cannot fail to be arrested by it. If it is served in connection with another paper, it must be so placed that it cannot fail to be observed if the papers be examined. The purpose of the notice is to limit a right, and such is its effect when it is properly given. To work this result the notice must be so given that failure to observe it would constitute negligence. It may not be indorsed upon the back of a cover and the cover be folded in such manner that it is not observable unless it be opened and read upon the back. In the present case, a person might unfold this paper, read the contents of the order, turn to the indorsement and read that, and yet be entirely unacquainted with the deadly menace to his rights that lay concealed within its folds. The reading of the order would not disclose the notice; turning it, to bring the indorsement upon the face of the cover into view, would usually

result in closing the folds; while in reading the face of the cover, the usual place of indorsement, one would only be informed that it was a copy of the order, and thus a veritable deadfall be set upon the right to appeal. Such a notice is no notice, unless it be indisputably shown that it came to the knowledge of the party sought to be charged.

But if we treat the notice of the entry of the order as having been brought to the knowledge of the plaintiff, it is insufficient to limit the time in which to appeal. The notice states that it is a copy of an order made and entered on the 29th day of October, 1898. Reference to the order itself shows that no such order was made on that day. On the contrary, its heading, and the certificate of the clerk attesting the same, show that it was made on the 22d day of October, 1898. This is a departure from strict regularity, and within the authority of the cases first above cited is insufficient as a notice to limit the time of appeal. Defendant's motion to dismiss the appeal from the order must therefore be denied. The same fate must also attend upon the plaintiff's motion to dismiss the appeal from the judgment. It appears that when the order granting the new trial was complied with by the defendant, the plaintiff refused to take what he was entitled to thereunder, and appealed from the order. Having thus elected to contest the validity of that order, he could not defeat his adversary's right to appeal from the judgment. It is true that the order had the effect of setting aside the judgment, if it remained a final order, in which event the plaintiff's appeal must necessarily fail, as there would remain nothing from which an appeal could be taken. If, however, the order should be reversed upon appeal, the judgment would remain intact; and if plaintiff's appeal is successful, and this motion should be granted, then all remedy in favor of the defendant would be cut off. The defendant has not elected, in a legal sense, to accept the benefits of the order. He may not do so, because he is prevented by the act of the plaintiff in appealing therefrom; and until the defendant possesses the absolute legal right to proceed under his order, which the plaintiff may not defeat by action upon his part, his right to appeal from the judgment may not be concluded, as it may be that his eventual right to relief must rest upon his appeal from the judgment, and until his right to a new trial be finally settled such appeal must stand. The plaintiff's motion to dismiss the appeal should therefore be denied.

Each motion to dismiss appeal denied, without costs. All concur.