NETTIE STICKEL, Appellee, *vs.* THE RIVERVIEW SHARP-SHOOTERS PARK COMPANY, Appellant.

*Opinion filed June 20, 1911.*

1. AMUSEMENT PARKS—*the proprietor must see that devices of concessioners are reasonably safe.* Where space in an amusement park is granted for conducting attractions for the amusement of the public, for witnessing which an admission fee is charged by the concessioner and divided with the owner, there is such unanimity of authority between the proprietor and concessioner that the proprietor assumes an obligation that the devices and attractions shall be reasonably safe for the purposes for which the public is invited to use them.

2. SAME—*question whether it was negligence to maintain chute as only exit from building is for the jury.* Whether it was negligence to construct and maintain a metal chute as the only means of exit from a building used as an amusement device, and down which patrons of the attraction were required to slide, is a question for the jury in an action by a patron who was injured in descending the chute, which was eighteen feet above the ground at the top and inclined at an angle of about forty degrees.

3. Whether the defendant was guilty of negligence in permitting the construction and maintenance of the device by which the plaintiff was injured, and whether the plaintiff was guilty of contributory negligence, are held, under the evidence in this case, to be questions of fact properly submitted to the jury and conclusively settled by the judgment of the Appellate Court.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding.

WINSTON, PAYNE, STRAWN & SHAW, (RALPH M. SHAW, EDWARD W. EVERETT, and JOHN C. SLADE, of counsel,) for appellant.

JAMES MAHER, and JOHN T. MURRAY, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The Branch Appellate Court for the First District affirmed a judgment of the superior court of Cook county against appellant, in favor of appellee, for $3500 for personal injuries, and said Branch Appellate Court granted a certificate of importance, upon which a further appeal is prosecuted to this court.

Appellant is a corporation maintaining and operating a park, within which are amusements and attractions of various kinds. The park is enclosed and an admission fee of ten cents is charged for each person entering it. Inside the park exhibitions and attractions are maintained and operated by persons who have concessions from appellant. Additional charges are made by the concessioners for visitors to their respective attractions. One of the attractions in the park was operated by Paul W. Cooper and William Schmidt, concessioners, and was known as Katzenjammer Castle. Visitors to this attraction were charged ten cents admission fee, and twenty-five per cent of the admissions were paid to appellant for the concession. June 7, 1906, appellee and an escort visited the park, purchased tickets for entrance into the grounds and afterwards purchased tickets for admission to and visited Katzenjammer Castle. After passing through the building and ascending a stairway they came to a place provided for exit from the building, which was by means of a slide or chute of galvanized iron reaching from the upper story of the building to within one and one-half to two and one-half feet of the ground and inclined at an angle of thirty-five or forty degrees. Appellee objected to descending by means of this chute or slide and

asked to be permitted to pass from the building by some other way. She testified an attendant told her there was no other way, and took hold of her and pushed her on the chute in a sitting position and started her down. She went down with considerable speed, breaking her leg when she struck the ground.

At the close of appellee's evidence, and again at the close of all the evidence, appellant moved the court to direct the jury to find it not guilty, but these motions were overruled and the case was submitted to the jury, resulting in a verdict for the appellee, upon which the court rendered judgment.

The errors relied on are, that the trial court erred in not directing a verdict in favor of appellant, in not allowing a motion for new trial and in rendering judgment on the verdict, and the Appellate Court erred in not reversing the judgment for said errors.

Appellant contends that its only duty with reference to the building where the injury occurred was to use ordinary care to keep the structures and devices operated by the concessioners in a reasonably safe condition for the purposes for which they were constructed, and that it cannot be held liable for the negligence of its concessioners or their employees in operating the structures and devices. Some of the authorities appear to make a distinction between cases like the one before us and cases where the owner of premises turns them over to an independent contractor, who has the sole right to hire and discharge servants. In those cases the doctrine of *respondeat superior* does not apply to the owner, but in amusement places where space is granted for conducting attractions for the amusement of the public and for which an admission fee is charged by the concessioner and divided with the owner, there is unanimity of authority that the owner assumes an obligation that the devices and attractions operated by the concessioners are reasonably safe for the purposes for which the public is

invited to use them. While there are some decisions to the contrary, the greater weight of authority is that the owner will not be relieved from responsibility because the exhibition is provided and conducted by the concessioner, provided it is of a character that would probably cause injury unless due precautions are taken to guard against it; and this duty applies not to construction alone, but to management and operation where the device is of a character likely to produce injury unless due care is observed in its operation. *Thornton* v. *Maine State Agricultural Society,* 97 Me. 108; 94 Am. St. Rep. 488; *Hollis* v. *Kansas City Retail Merchants' Ass'n,* 205 Mo. 508; 14 L. R. A. (N. S.) 284; *Richmond and Manchester Railway Co.* v. *Moore,* 37 L. R. A. 258; *Thompson* v. *Lowell, Lawrence and Haverhill Street Railroad Co.* 170 Mass. 577; 64 Am. St. Rep. 323; *Sebeck* v. *Plattdeutsche Volkfest Verein,* 50 L. R. A. 199; 64 N. J. L. 624; 81 Am. St. Rep. 512; *Higgins* v. *Franklin County Agricultural Society,* 3 L. R. A. (N. S.) 1132; 100 Me. 565; *Texas State Fair* v. *Brittain,* 118 Fed. Rep. 713.

But, independently of whether appellant could be held liable for the negligent conduct and management of the Katzenjammer Castle, we are satisfied that the evidence is such as to warrant submitting to the jury whether appellant performed its duty to use due and reasonable care to see that the attractions used by its concessioners were reasonably safe for the purposes for which the public were invited to use them. To see the attractions of Katzenjammer Castle visitors were required to ascend a stairway, go through dark, narrow passages and over moving, springing and suspended floors. In the dark rooms and passages were images of goblins, heads of ferocious beasts with lighted eyes, and other hideous and fantastic figures. These, and noises made, were calculated to produce an effect upon the nerves of visitors. The exit provided for visitors who had passed through the building was by means of a chute or

slide of galvanized iron, semi-cylindrical in shape and wide enough for one to sit in and slide down. The upper end of the chute was about eighteen feet from the ground. It descended at an angle of thirty-five or forty degrees to within one and one-half to two and one-half feet of the ground. . The lower end of it inclined upward, for the purpose of checking the speed of the person sliding down it. An attendant was employed to stand at the lower end of the chute and assist persons sliding down it and a rubber mat about three feet square was placed on the ground at the end of the chute, but appellee and her escort testified there was no person at the bottom of the chute when she was injured, and appellee testified she saw no rubber mat. Appellee and her escort testified appellee objected to going down the chute, but an attendant told her there was no other way for them to get out. Appellee asked to be permitted to go back the way she came, but an attendant told her she could not do so. Appellee testified the attendant took hold of her, put her in the chute and pushed her down. When she struck the bottom her leg was broken.

If, as contended by the appellant, the construction and maintenance of such a device as the only exit from the building cannot be said to be negligence *per se,* neither can it be said, as a matter of law, that it was not negligence. The declaration charges appellant with negligence in permitting the means of exit from the building to be and remain in a dangerous condition. While, so far as the proof shows, the chute was not out of repair and was in the same condition as when first constructed, whether the construction and maintenance of that kind of an exit was negligence was a question of fact proper, under the declaration, to be submitted to a jury for determination. Whether the appellee was guilty of contributory negligence was also a question of fact properly submitted to the jury. The judgment of the Appellate Court upon this question of fact is conclusive upon this court.

The court gave nineteen instructions at the request of appellant, and we do not think it was prejudiced by the refusal by the court of any of the instructions asked by it.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*