[Civ. No. 1741.   First Appellate District.—January 10, 1916.]

## BERTHA C. WHYTE, Respondent, v. IDORA PARK CO. (a Corporation), Appellant.

NEGLIGENCE—PERSONAL INJURIES—PATRON OF CONCESSION IN AMUSE-MENT PARK—LIABILITY OF PARK OWNER.—A corporation which conducts an amusement park and makes a charge for admission thereto is liable for personal injuries received by a patron of the park in a concession installed therein by private parties at their own expense and operated by them under contract with the corporation whereby the latter received a percentage of the gross admission fees thereto, notwithstanding the operators and attendants necessary to run the concession were hired and paid by the concessioners, and that the corporation had no control or direction over them, excepting the right reserved to object to any employee who was not conducting the business in a proper way.

ID.—ACTION FOR DAMAGES—DEFECTIVE EXIT DEVICE—SUFFICIENCY OF EVIDENCE.—In this action against an amusement park corporation to recover damages for personal injuries received in a concession, it is held that even if it were the rule that such a corporation is liable to a patron only where the injury is the result of defective construction, or where the device is of a character which in operation is likely to cause injury, the judgment in the action could not be reversed because there is evidence in the record which supports the finding of the court that the slideway which it was necessary to go upon in making the exit from the concession in question and from which the injury occurred was built at such a steep angle and with the bottom thereof so close to a wall of the building which inclosed the contrivance, that one using the slideway was very likely to be injured.

ID.—ASSUMPTION OF RISK—QUESTION FOR JURY.—It is also held that under the pleadings and evidence it was for the jury to determine as to whether there was an assumption of risk on the part of the plaintiff, and that the finding thereon must be upheld.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Denson, Cooley & Denson, and George Martinson, for Appellant.

Samuel M. Shortridge, and Carroll Cook, for Respondent.

KERRIGAN, J.—This is an action for damages for personal injuries in which judgment went for the plaintiff, and from which judgment and an order denying defendant's motion for a new trial this appeal is prosecuted.

The facts out of which the action arose are briefly the following: On the fifteenth day of May, 1910, the plaintiff and six friends went for a day's outing to Idora Park, a place of amusement conducted by the defendant in Oakland and to which a charge for admission was made. Within the inclosed park there were various devices and attractions for the amusement of visitors. Among these was a structure known as the "Joy Laundry." This had been installed by Charles Hoffman and A. E. Drake at their expense and with the consent of the defendant, and was operated under a verbal contract between said Hoffman and Drake and the defendant, whereby the concessioners agreed to pay to the defendant forty per cent of the gross receipts for the year 1910. So far as necessary to be noted here the operators and attendants necessary to run the device were hired and paid by Hoffman and Drake, and, with the exception that the defendant reserved the right to object to any employee of the concessioners "who was not conducting the business in a proper way," such employees were under the control and direction of the concessioners. On the mentioned day the plaintiff, having paid the general entrance fee to the park, and a further charge for admittance to the "Joy Laundry," with her companions passed into and through the same to the exit, where they were required to go upon and slide down a slideway or chute. Upon plaintiff objecting to this means of leaving the building she was assured by an attendant in charge that this was the only way out, that there was no danger, and that he was stationed there to catch her. Upon this assurance she got upon the chute and slid down rapidly. The attendant making no effort to catch her, she was precipitated against a closed door facing the bottom of the slide, and received the injuries set forth in the complaint. The record also contains evidence which tends to show that, from the standpoint of safety the slideway was maintained at too steep an angle of descent, and that the doorway in question was situated too close to the bottom of the chute.

In support of its appeal it is the claim of the defendant that the concessioners Hoffman and Drake were independent

contractors, that the accident was caused through the negligence of their employee—the attendant who failed to arrest the speed of the plaintiff as she neared the bottom of the slide—and that consequently the defendant is not responsible for the injuries sustained by her.

There are some cases which support this theory advanced by the appellant, but we think the weight of authority sustains the proposition that one conducting a place of amusement will not be relieved from liability for injury to a patron merely because it was caused by the negligence of a concessioner or his employee. In the case of *Stickel* v. *Riverside Sharpshooters Park Co.*, 250 Ill. 452, [34 L. R. A. (N. S.) 659, 95 N. E. 446], where the facts are strikingly similar to those in this case, the appellant contended, as here, that its only duty with reference to the building in which the injury occurred was to use ordinary care to keep the structures and devices operated by the concessioners in a reasonably safe condition for the purposes for which they were constructed, and that it could not be held liable for the negligence of its concessioners or their employees in operating the structures and devices. The court, after making a reference to cases where the owner of premises turned them over to an independent contractor, who had the sole right to hire and discharge servants, and in which cases the doctrine of *respondeat superior* does not apply to the owner, says: "But in amusement places where space is granted for conducting attractions for the amusement of the public, and for which an admission fee is charged by the concessioner and divided with the owner, there is unanimity of authority that the owner assumes an obligation that the devices and attractions operated by the concessioners are reasonably safe for the purposes for which the public is invited to use them. While there are some decisions to the contrary, the greater weight of authority is that the owner will not be relieved from responsibility because the exhibition is provided and conducted by the concessioner, provided it is of a character that would probably cause injury unless due precautions are taken to guard against it; and his duty applies not to construction alone, but to management and operation where the device is of a character likely to produce injury unless due care is observed in its operation."

In the case of *Wodnik* v. *Luna Park Amusement Co.*, 69 Wash. 638, [42 L. R. A. (N. S.) 1070, 125 Pac. 941], the head of a mallet used in operating a striking machine in an amusement park flew off while being used by a patron, resulting in his injury; and it was held that where an individual or corporation operated an amusement park open to the public on the payment of an admission fee, the fact that such person or corporation let space on the grounds to another to operate a striking machine, in consideration of receiving part of the gross receipts of the concessioner, the lessor was not relieved of liability for injury caused by a defect in the mallet used in operating the machine.

In the case of *Thornton* v. *Maine State Agricultural Society*, 97 Me. 108, [94 Am. St. Rep. 488, 53 Atl. 979], it is held that an association conducting a fair is liable for injury through a defect in apparatus employed by a concessioner for the amusement of patrons when it receives a portion of the sums paid for the use of the apparatus, has general charge of the grounds, and takes an active part in advertising the amusements. In the course of the opinion the court said: ''Some of these cases cited are those where the injuries resulted from the negligence of the independent contractors and not lessees. But we can perceive no tenable distinction in a case like this. In either case the offending thing is where it is by the license and permission of the owners of the premises, and upon ground which the owners, by virtue of their invitation to the public, hold out as safe. This is the ground of their liability. By inviting patrons to their fair, they make themselves bound to use reasonable care to see that the fair in all its parts is safe, and is conducted safely, whether the various parts of the fair are conducted and managed by the owners themselves, or, with their permission, by licensees, independent contractors, or lessees. Such is the conclusion which rests upon good sense, and which seems to be clearly established by all the authorities upon the subject.''

In *Texas State Fair* v. *Brittain*, 118 Fed. 713, [56 C. C. A. 499], and in *Texas State Fair* v. *Marti*, 30 Tex. Civ. App. 132, [69 S. W. 432], a street fair association which by contract gave the exclusive use of a portion of its grounds to an exhibitor, and advertised such exhibit as one of the attractions of the fair, was held liable for injuries to a spectator caused by the falling of seats negligently constructed by the

exhibitor. (See, also, *Graffam* v. *Saco Grange etc. Husbandry*, 112 Me. 508, [L. R. A. 1915C, 632, 92 Atl. 649]; *Sebeck* v. *Plattdeutsche etc. Verein*, 64 N. J. L. 624, [81 Am. St. Rep. 512, 50 L. R. A. 199, 46 Atl. 631].)

Defendant further contends that under the authorities on which plaintiff relies, and to some of which reference has just been made, that an amusement company in cases like the present is liable to a patron not for the negligence of a concessioner or his employees, but only where the injury is the result of defective construction, or where the device is of a character which in operation is likely to cause injury. But even if this were so, the judgment here could not be reversed, because there is evidence in the record which supports a finding of the court that the slideway was built at such a steep angle, and with the bottom thereof so close to a wall of the building which inclosed the contrivance, that one using the slideway was very likely to be injured. Or, if it can be said from the evidence and findings that the accident was due partly to defective construction, and partly to negligent operation, we still cannot interfere with the conclusion of the judgment.

On the point as to whether there was an assumption of risk on the part of the plaintiff, we think under the pleadings and evidence in the case this was a question of fact for the trial court, and the finding of the court upon that issue must be upheld. (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, [116 Pac. 513]; *Johnson* v. *Southern Pac. Co.*, 154 Cal. 285, [97 Pac. 520]; *Seller* v. *Market St. Ry. Co.*, 139 Cal. 268, [72 Pac. 1006]; *Waniorek* v. *United Railroads*, 17 Cal. App. 121, [118 Pac. 947]; *Canon* v. *Chicago etc. Ry. Co.*, 101 Iowa, 613, [70 N. W. 755]; *Haley* v. *Case*, 142 Mass. 316, [7 N. E. 877]; *Keegan* v. *Kavanaugh*, 62 Mo. 231].)

It is also clear that the allegations of the complaint support the findings of the court.

Counsel for the appellant in his oral argument raised the point that there is an error in the amount of the judgment arising from a mistake in computation. We think that this point is without merit, for it does not appear, as suggested by counsel, that the sum of three thousand seven hundred dollars included in the judgment was arrived at as the result of a calculation of plaintiff's loss of time. The finding of the court is "that by reason of the injuries to the plaintiff she has

been damaged in the sum of three thousand seven hundred dollars; that the plaintiff has also sustained loss and been damaged in the sum of eight hundred dollars, as alleged in paragraph VIII of the complaint. . . . '' It is paragraph VIII that charges damage to plaintiff through loss of time from her customary labor, and the amount thereof is found in accordance with her claim.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 9, 1916.