[L. A. No. 10722. In Bank.—December 31, 1928.]

D. GROSS, Respondent, v. C. E. HAZELTINE et al., Defendants; B. F. CULLY et al., Appellants.

Sun & Hellyer and H. W. Phipps for Appellants.

Harry W. Horton for Respondent.

THE COURT.—By reason of an oversight this cause was prematurely submitted for decision and decided, in disregard of a stipulation of the parties allowing time for the

filing of further briefs. Upon petition for rehearing this fact was brought to our attention and the decision (269 Pac. 925) was promptly set aside to permit of further briefing and particularly to allow respondent to urge a point which he stated had "not been raised in California as yet." Examination of the briefs so filed and of the contention most strongly relied on by respondent, which contention will receive consideration below, has failed to convince us that the conclusion announced in our former opinion was erroneous. That opinion is hereby adopted as and for the decision of the court:

"Respondent presents a motion to dismiss the appeal herein and to exclude the appellants' bill of exceptions from the record. The action was brought to recover a money judgment and to foreclose a mechanic's lien for services performed. Judgment was entered for the plaintiff on December 18 [20], 1926. Thereafter and on January 3, 1927, the defendants filed their notice of intention to move for new trial but a motion for new trial was never actually made. In passing, it might be said that the respondent failed to serve notice of the entry of judgment and the new trial proceedings were therefore timely instituted, under the provisions of section 659 of the Code of Civil Procedure, for the appellants at the time had not filed their notice of appeal or taken any other step that might be construed as a waiver of service of notice of the entry of judgment. The notice of appeal from the judgment was filed March 9, 1927. Respondent now moves to dismiss the appeal upon the ground that it was not taken within the time prescribed by law. The motion is without merit. ■ Under the provisions of section 660 of the Code of Civil Procedure service of notice of the entry of judgment is necessary to start the time running within which a trial court may pass upon new trial proceedings. The parties cannot by their conduct waive the court's jurisdiction in this respect. (*Strehlow* v. *Mothorn*, 197 Cal. 112 [239 Pac. 850]; *Moore* v. *Strayer*, 175 Cal. 171 [165 Pac. 530].) ■ In view of the respondent's failure to serve notice of the entry of judgment, it cannot now be said that the time within which the trial court might have passed upon the new trial proceedings has expired. This being so, the appeal is within time, for section 939 of the Code of Civil Procedure provides for the taking

of an appeal from a judgment within thirty days after termination in the trial court of new trial proceedings. However, even if it be assumed that notice of entry of judgment had been served in the instant case on the very day judgment was entered it would avail the movant nothing for the trial court would have had two months thereafter or until February 18 [20], 1927, within which to dispose of the new trial proceedings. (Sec. 660, *supra*.) The appellants, under section 939, *supra*, would then have thirty days additional, or until March 20 [22], 1927, within which to prosecute their appeal. The appeal having been taken on March 9, 1927, was, therefore, well within time and the motion to dismiss will have to be denied.

"The motion to exclude the bill of exceptions from the record is grounded upon the assertion that the proposed bill was not served within time. In our opinion this motion must also be denied, for section 650 of the Code of Civil Procedure provides, among other things, for the preparation and service of a proposed bill of exceptions within ten days after notice of decision denying motion for new trial or other termination of the new trial proceedings. If, as already shown, there has been no termination in this case of the new trial proceedings there is no way to determine the limit of time within which the proposed bill should have been prepared and served. Moreover, the respondent's motion, made under section 473 of the Code of Civil Procedure, to vacate the settlement and allowance of the bill of exceptions was denied by the trial court and apparently no appeal has been prosecuted from the order denying the requested relief."

The contention now urged by respondent in opposition to such conclusion is that "if a motion for a new trial is never made, it should not be the law that the mere filing and service of a notice of intention to move for a new trial should automatically defer the time for appeal or the preparation of a bill of exceptions covering only the record of the trial and judgment in the trial court. . . . To hold to the contrary is to extend the time for appeal [and for preparation of a bill of exceptions] in a manner and for purposes never contemplated by law." A most serious and fatal objection to this contention is that it has already received the attention of this court and been disposed of

adversely. (*Estate of Bergland,* 177 Cal. 227, 228, 229 [170 Pac. 400]; *Anstead* v. *Pacific Gas & E. Co.,* 201 Cal. 198, 199, 200 [256 Pac. 209].)

For the foregoing reasons, the motions to dismiss and to exclude the bill of exceptions from the record are, and each is, denied.