[Civ. No. 4150. Third Appellate District.—October 24, 1930.]

FLORENCE LAURITZEN et al., Respondents, v. H. L. JUDELL & COMPANY (a Corporation) et al., Appellants.

Butler, Van Dyke, Desmond & Harris for Appellants.

Derby, Sharp, Quinby & Tweedt for Respondents.

MR. JUSTICE PLUMMER DELIVERED THE OPINION OF THE COURT.—This cause is before us upon an appeal by the defendants from an order granting a new trial after judgment in favor of the plaintiff, Andrew Lauritzen, in the sum of $350. The jury in the above-entitled cause rendered a verdict in favor of the plaintiff, Florence Lauritzen, in the sum of $12,000 and in favor of her husband, against the defendants, in the sum above named. The motion for new trial was

made by the plaintiff, Andrew Lauritzen, only in so far as it affected the judgment in his favor, and the order granting a new trial related only to that part of the judgment.

It is contended by the appellants that the trial court had no jurisdiction to make the order granting a new trial to the plaintiff, Andrew Lauritzen by reason of more than sixty days having elapsed from and after service on said plaintiff of a written notice of the entry of judgment. The appellants rely upon the provisions of section 660 of the Code of Civil Procedure limiting the power of the court to grant a new trial within the period named. This contention is met by the respondents with the statement that as the sixtieth day fell upon the first day of January, a nonjudicial day, the court had all of January 2d within which to make the order. This contention, however, on the part, of the respondents is answered in the negative by the following cases: *Dolan* v. *Superior Court*, 47 Cal. App. 235 [190 Pac. 469], and *Shepherd* v. *Superior Court*, 54 Cal. App. 673 [202 Pac. 466]. While the opinions in both of the cases just cited fail to give any consideration to the fact that section 12 of the Code of Civil Procedure is the only section specifying how time shall be computed, yet in view of the fact that hearing in the Supreme Court was denied in both cases, the holding that the last day of the sixty-day period must be counted, even though a holiday, must be considered as definitely settled.

It is further contended on the part of the respondents that in order to set the sixty-day period in operation, the requirement of the sections relative to giving notice of the entry of judgment must be strictly complied with. The record in this case shows that judgment in the case of plaintiffs against the defendants named in this action was entered on the thirtieth day of October, 1929. The notice of the entry of judgment served by the appellants upon the respondents reads as follows (omitting the title): ''You and each of you are hereby advised and you will please take notice that judgment in your favor and against the above-named defendants has heretofore, to-wit, on the 31st day of October, 1929, been entered in the above-entitled action by the clerk of the above-entitled court.'' (Signed by attorneys for appellants.) Service of this notice was made on the second day of November, 1929. The notice of intention to move for a new trial was filed November 8, 1929. The order of the court granting a new trial in favor of the plaintiff, Andrew Lauritzen, was

made and entered on the second day of January, 1930. If the notice of the entry of judgment in this action was and is defective, then and in that case the court had jurisdiction to make the order granting a new trial.

In the case of *Carpentier* v. *Thurston*, 30 Cal. 123, the Supreme Court had before it a similar question and held that an error in the date of the entry of judgment, or of the decision, rendered it inoperative to set the sixty-day period in operation.

A very similar case is that of *Weeks* v. *Coe*, 36 App. Div. 339 [55 N. Y. Supp. 263]. There the trial court made an order granting a new trial on October 22, 1898, which was entered on October 29, 1898. The notice of entry of the order was served on plaintiff on October 29, 1898, stating that the order had been made and entered on October 29th. The plaintiff appealed from the order thirty-two days after receiving such notice. The section of the New York Code applicable to such cases provided that an appeal must be taken within thirty days after service of notice of entry of the order. The defendant in the Weeks case moved to dismiss the appeal. The court, in considering the question, held as follows: "It is well settled that where a party seeks to limit the time of his adversary to appeal, he must be strictly regular in his practice to accomplish that result; . . . but if we treat the notice of entry of the order as having been brought to the knowledge of the plaintiff, it is sufficient to limit the time in which to appeal. The notice states that it is a copy of an order made and entered on the 29th day of October, 1898. Reference to the order itself shows that no such order was made on that day. On the contrary, its heading and the certificate of the clerk attesting the same show that it was made on the 22d day of October, 1898. This is a departure from strict regularity, and within the authority of the cases first above cited, is insufficient as a notice to limit the time of appeal." The defendants' motion to dismiss the appeal was denied.

The record in the instant case shows that there was no judgment made and entered, or made or entered, on the thirty-first day of October, 1929, and in line with the cases cited, it must be held that the trial court had jurisdiction to grant a new trial herein.

The order is therefore affirmed.