[Civ. No. 2115. Fourth Appellate District.—November 15, 1937.]

SANTA ANA MORTGAGE & INVESTMENT COMPANY Respondent, v. THE ERNEST RURUP ESTATE (a Copartnership) et al., Appellants.

Bryce Swartfager for Appellants.

R. Y. Williams and Charles D. Swanner for Respondent.

BARNARD, P. J.—In this action on a promissory note judgment was entered in favor of the plaintiff on April 30, 1937. A memorandum of costs and notice of entry of judgment were mailed to counsel for the defendants on the same day, and were filed with an affidavit of mailing. On May 10, 1937, the defendants secured and filed an *ex parte* order purporting to stay proceedings for a period of thirty days. On June 11, 1937, the defendants served and filed a notice of intention to move for a new trial, which was noticed and set for July 2, 1937. On that day the motion was denied on the ground that the court had no jurisdiction to grant the same. On July 15, 1937, the defendants filed a notice of motion to vacate and set aside the order denying the motion for a new trial. This motion was heard and denied on July 23, 1937. On August 20, 1937, the defendants filed a notice of appeal from the order denying the motion to vacate and set aside the order denying the motion for a new trial.

After the opening brief was filed the respondent filed this motion to dismiss the appeal or to affirm the judgment on the ground that no record had been brought up, by bill of ex-

ceptions or otherwise, showing what papers, evidence or affidavits were before the trial court on the hearing of the motion, as required by rule XXIX of the rules governing this court, and on the further ground that said appeal is unsubstantial and taken for the purposes of delay only.

■ A clerk's transcript was filed containing the judgment roll, notice of intention to move for a new trial, minute order denying the same, memorandum of costs and notice of entry of judgment with affidavit of mailing, order staying execution, and notice of appeal from order denying the motion to set aside the order denying the motion for a new trial. Thereafter, the appellants filed what is denominated a "Clerk's Supplemental Transcript", marked as "prepared by" counsel for the appellants, containing a certificate of the county clerk that "the foregoing Notice of Motion to Vacate and Set Aside Order Denying Motion for a New Trial, Affidavit of Merits and of Facts on Motion to Set Aside Order Denying Motion for New Trial", and two other affidavits are correct copies "of the originals on file in my office". No transcript or bill of exceptions showing what papers, evidence or affidavits were before the court or were used on the hearing of the motion which resulted in the order appealed from have been filed, and in connection with the present motion to dismiss or affirm there was filed the certificate of the clerk to the effect that no proceeding is pending for the preparation of a bill of exceptions or of a transcript.

No properly authenticated record is before us showing what was before the trial court in connection with the motion in question, and in the absence of a proper record the appeal may not be considered. (*H. & J. Mabury Co.* v. *Bryant,* 8 Cal. (2d) 704 [68 Pac. (2d) 359].)

■ Moreover, if the purported clerk's supplemental transcript were to be considered it appears therefrom and from the opening brief that the appellant would be in no better position. The motion to set aside the order denying a new trial, and this appeal, are based upon the contention that counsel for the appellants did not receive any notice of the judgment and that he knew nothing of the entry thereof until July 13, 1937. If this were true it seems strange that an "Order Staying Execution" was obtained on May 10, 1937. Counsel for appellants admits that he received the

copy of the memorandum of costs which was mailed on April 30, 1937, but states that on July 13, 1937, he discovered for the first time that on the reverse side of that docur it, "in an inconspicuous place", was a notice of entry of judgment. We may assume for the sake of argument that circumstances might exist where such a notice might be so buried in other matter as to require a holding that no notice was in fact given. Nothing here appears, however, except that the notice of entry of judgment was typed on the reverse side of an instrument denominated "Memorandum of Costs and Disbursements". As set forth in the supplemental transcript, which appellants would have us consider, this notice is headed in capital letters "NOTICE OF ENTRY OF JUDGMENT". The notice following is in the usual form and contains seven ordinary typewritten lines, the first three lines being in capital letters. Below that are two lines with two names of "Attorneys for Plaintiff", and the words "Filed Apr. 30, 1937—J. M. Backs, County Clerk, By H Deputy". ▆ While it would have been better practice to have typed the notice of entry of judgment on a separate sheet of paper we know of no rule of law requiring that this be done. The notice was not concealed or buried in other matter and, in our opinion, was sufficient. The notice was received in due course after having been mailed on April 30, 1937, and no sufficient reason is offered for a failure to observe it. It therefore appears that no ground of appeal exists which requires further consideration.

The motion to dismiss the appeal is granted and the appeal dismissed.

Marks, J., and Jennings, J., concurred.