[L. A. No. 18613. In Bank. Oct. 6, 1943.]

ROBERT LEES McCORDIC, Respondent, v. SAMUEL M.
CRAWFORD et al., Defendants; ABBOT-KINNEY
COMPANY (a Corporation), Appellant.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and Vernon W. Hunt for Appellant.

Borton, Petrini, Conron & Borton and Reginald I. Bauder for Respondent.

TRAYNOR, J.—Venice Pier is leased from the city of Venice by defendant Abbot-Kinney Company and is maintained and repaired by the latter. The carnival attractions on the pier are operated by concessionaires under contract with Abbot-Kinney Company. Defendant Samuel Crawford was authorized to operate a "Loopa" on the pier, under an oral agreement that the company receive 25 per cent of the gross receipts. The Loopa was somewhat like an old-fashioned swing, with a board suspended by steel rods from an axle some fifteen or twenty feet above the ground. It was so constructed that riders standing on the board could cause the swing to make a complete circle around the axle. The feet of the riders were strapped to the board and their shoulders to the steel rods. A sign by the device stated: "They are safe. Riders are securely fastened in the Loopas." There was evidence that an expert rider would place no strain on the straps, but that an inexperienced rider might place a strain of up to 360 pounds on each strap. The straps were made of leather folded over and stitched at various places. Those in use when plaintiff was injured had been stitched shortly before that time by a shoe repairer. Crawford had tested some of the straps by fastening them to a solid support and jumping on them, but he did not test the straps placed on the swing where the accident occurred.

On August 10, 1940, the stitching in one of the shoulder straps came apart while plaintiff, Robert McCordic, was riding the Loopa. He fell from the machine, and his head struck violently against the ground. He was hospitalized for more than three months. He commenced this action in May, 1941 against defendants Crawford, Abbot-Kinney Company, Venice Mardi Gras Association, and Russell Lasher, who was in charge of the Loopa when the accident occurred. During the trial the action was abandoned as to the Mardi Gras Association, and a verdict was directed in favor of defendant Lasher. A verdict was returned in favor of plaintiff against the other defendants, and on January 14, 1942, judgment was entered for plaintiff. On January 16th, a written notice of entry of judgment was served on defendants. It referred accurately to the book and page where the judgment was entered but erroneously stated that the judgment had been entered on January 13, 1942. In due time a motion for a new trial was made, and on March 19, 1943, more than 60 days after the service of the notice of entry of judgment, a new trial was granted. If the notice of entry of judgment was valid, the motion for new trial was automatically denied upon the expiration of the 60-day period. The court was thereafter without jurisdiction to enter a contrary order, and plaintiff had a right enforceable by mandamus to have execution issued upon the judgment. (*Kahn* v. *Smith, post,* p. 12 [142 P.2d 13]; *Payne* v. *Hunt,* 214 Cal. 605 [7 P.2d 302]; *Kraft* v. *Lampton,* 13 Cal.App.2d 596 [57 P.2d 171]; *Holquin* v. *Allison,* 97 Cal.App. 126 [274 P. 1037].) To protect itself against this possibility, defendant Abbot-Kinney Company appeals from the judgment for plaintiff and from the order denying its motion for judgment in its favor notwithstanding the verdict. It is contended that the notice of entry of judgment was invalid and did not start the 60-day period running because it contained an inaccurate date of entry of the judgment.

The necessity of setting limits to the time for granting a new trial is recognized in section 660 of the Code of Civil Procedure, which provides: "Except as otherwise provided in section 12a of this code, the power of the court to pass on motion for a new trial shall expire sixty (60) days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore

been served, then sixty (60) days after filing of the notice of intention to move for a new trial. If such motion is not determined within said period of sixty (60) days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court.''

█ It is thus left to the prevailing party to take the initiative in insuring the finality of the judgment by serving upon the opposing party written notice of entry of the judgment. When he does so, the time within which a motion for new trial may be made (*Labarthe* v. *McRae*, 35 Cal.App.2d 734 [97 P.2d 251]) and granted (*Gross* v. *Hazeltine*, 206 Cal. 130 [273 P. 550]) begins to run. A notice of intention to move for new trial must be filed ''within ten (10) days after receiving written notice of the entry of judgment.'' (Code Civ. Proc. section 659.) Until the date of service there is no restriction on the right to move for a new trial. Thus the date of service of notice of entry of the judgment marks the starting point in this regard as well as for the sixty-day period in which the court retains power to grant a motion for new trial. █ Since the date of entry of the judgment itself is of no significance in either case, a notice of entry of judgment in which it appears that the judgment was entered earlier than it actually was cannot serve to make the rights of the prevailing party subject indefinitely to litigation. Section 660 does not require that the date of entry of the judgment be even mentioned; it does not in fact prescribe any set form of notice. (See 20 Cal.Jur. 176; *Waddingham* v. *Tubbs*, 95 Cal. 249 [30 P. 527]; *Santa Ana etc. Co.* v. *Ernest Rurup Estate*, 23 Cal.App.2d 445 [73 P.2d 908].) Thus in *Waddingham* v. *Tubbs, supra,* a notice of entry of judgment was held sufficient even though it referred merely to the judgment heretofore entered. An error in the date is not significant when the date itself is not. █ An error in an unessential detail cannot defeat the very purpose of the notice authorized by section 660. What is essential is that the notice identify the judgment and advise the opposing party that it has been entered. The omission in the code itself of any particularization of the form of notice is in striking contradiction to the insistence upon a meticulous correctness of the unessential that would vitiate the provision for a sixty-day period in which the court can pass on a motion for new trial. █ When the Legislature has fixed this period at sixty days

it is not for this court to fix it at sixty-one or any other number of days or to override the limitation outright because an otherwise correct notice fell short of a perfection not prescribed by the section. *Lauritzen* v. *H. L. Judell & Co.,* 109 Cal.App. 168 [292 P. 536], which assumed that the law was otherwise, is disapproved. In *Carpentier* v. *Thurston,* 30 Cal. 123, relied on in the Lauritzen case, the court was concerned with a statute requiring that notice of intention to move for a new trial be filed within ten days after receipt of notice that judgment had been rendered. Notice was given that the judgment and findings had been signed. The court held that these acts did not amount to the rendering of the judgment, and that notice of other acts did not start the time running in which to move for new trial. There is nothing to indicate that because the notice was held defective on this ground it would have been held defective had it merely contained an inaccurate date of entry of judgment.

The unimportance of such an inaccuracy becomes apparent in the light of the Legislature's concern to limit the time within which the court has power to grant a new trial. Formerly the requirement that the motion for new trial be made within 10 days after receipt of notice of entry of judgment was not accompanied by any limitation on the time in which the court could dispose of the motion. (Code Civ. Proc. (1901) secs. 659, 660.) In 1915, however, section 659 was amended to provide that the time for making the motion could not be extended by order or stipulation. Section 660 was amended to limit the time in which the motion could be granted to three months. (Stats. 1915, p. 201, 202.) In 1923 this period was reduced to two months (Stats. 1923, p. 234) and in 1929 fixed at 60 days. (Stats. 1929, p. 824.)

 Defendant contends that there is no evidence of negligence on its part and that if any negligence led to the accident it is attributable to Crawford, the concessionaire. The law is well settled in this state, however, "that a proprietor, or one who operates a place of amusement, owes a legal duty to exercise due care to protect from injury individuals who come upon his premises by his express or implied invitation. He must see that such premises are in a reasonably safe condition. It constitutes a breach of this duty for him to fail to exercise reasonably careful supervision of the appliances or methods of operating concessions under

his management. The proprietor or operator of such a place of amusement is liable to an invited member of the public for injuries received as the result of negligence on the part of an independent contractor or concessionaire when it is shown that the failure to exercise such supervision proximately results in injuries to a patron. The duty of exercising care, and the responsibility for the negligence of independent concessionaires, are extended by law to the owner, the occupier or those in possession of the premises on which the amusement is being operated." (*Basye* v. *Craft's Golden State Shows,* 43 Cal.App.2d 782, 788 [111 P.2d 746]; accord: *Szasz* v. *Joyland Co.,* 84 Cal.App. 259 [257 P. 871]; *Johnstone* v. *Panama Pac. I. E. Co.,* 187 Cal. 323 [202 P. 34]; *Harvey* v. *Machtig,* 73 Cal.App. 667 [239 P. 78]; *Whyte* v. *Idora Park Co.,* 29 Cal.App. 342 [155 P. 1018]; *Engstrom* v. *Huntley,* 345 Pa. 10 [26 A.2d 461]; *Hollis* v. *Kansas City etc., Assn.* 205 Mo. 508 [103 S.W. 32, 14 L.R.A.N.S. 284]; *Stickel* v. *Riverview Sharpshooters Park Co.,* 250 Ill. 452 [95 N.E. 445, 34 L.R.A.N.S. 659]; *Wodnik* v. *Luna Park Amusement Co.,* 69 Wash. 638 [125 P. 941, 42 L.R.A.N.S. 1070]; Restatement, Torts, sec. 344, p. 944; 22 A.L.R. 624; 29 A.L.R. 31, 736; 44 A.L.R. 204; 53 A.L.R. 855; 61 A.L.R. 1289; 98 A.L.R. 557.)

Defendant attempts to distinguish these cases on the ground that it did not advertise the amusement area. It is sufficient, however, that defendant, as the proprietor of Venice Pier, sharing in the proceeds of the amusement concessions, maintained the pier as a place of amusement open to the public. (*Ibid.*)

The evidence shows that defendant did not exercise a reasonably careful supervision of the concession in question. It failed to make any inspection of the device, to test its safety or even to question Crawford concerning its safety. The contention cannot be sustained that an inspection of the defective strap would not have revealed the defect, for the jury could reasonably conclude from the evidence that the defect would have been revealed by the very test that Crawford made of the other straps. The evidence shows that the defective strap was not strong enough to withstand a load of 160 pounds, a weakness that would have been revealed even by Crawford's simple test, which subjected the other straps to a much greater strain. The jury was clearly warranted in concluding that the defendant would have discovered the defect in the strap had it exercised reasonable care to inspect the Loopa and that

its failure to do so was the proximate cause of plaintiff's injury.

Defendant contends that the .pleadings do not charge the defendant with failure to exercise reasonable supervision of the device in question. The allegations of the second amended complaint, however, that defendant was the proprietor of the pier and negligently equipped, constructed, and maintained the device on its premises were sufficient to admit proof that defendant maintained the pier, received 25 per cent of the gross proceeds of the concession in question, and failed to inspect the device to test its safety. Moreover, testimony as to all these facts was given during the trial without objection.

The judgment and order appealed from are affirmed.

Gibson, C. J., Carter, J., and Schauer, J., concurred.

EDMONDS, J., Dissenting—By the decision of a majority of this court, the appellant is deprived of a remedy peculiarly within the province of the trial judge to grant, which it had sought with due diligence in proper form and which the trial judge had decided should be given. In arriving at this conclusion, the majority opinion emphasizes but one of the two dates which start the running of the 60-day jurisdictional period within which the trial court is empowered to grant a motion for a new trial. The filing of the notice of intention to move therefor also starts the running of that period, and in the present case, as in *Kahn* v. *Smith, post,* p. 12 [142 P.2d 13], the defendants filed such notice well within ten days from the service of the defective notice of entry of judgment. (See Code Civ. Proc., sec. 659.) Certainly where each of the litigants serves and files a notice which limits the authority of the court to act, the court should hold that, as between the two, one incorrect in form is ineffective and the other authorizes judicial action which would be proper except for the conflict between it and the defective notice. Furthermore, the decision of the majority fails to apply well-accepted rules governing the scope of collateral attack upon appealable orders. (See discussion in my dissent in *Kahn* v. *Smith, post,* p. 12 [142 P.2d 13].)

The limitations upon the power of the trial court to pass upon a motion for a new trial must be considered in connection with the purpose and policy of that procedure. Although

it is primarily designed to secure a re-examination of the issues of fact, the motion also serves to bring to the notice of the court errors which may have been committed in the course of the trial (see grounds for new trial, Code Civ. Proc., sec. 657) and provides an opportunity for the correction of such errors without subjecting the parties to the expense and inconvenience of an appeal (*Spier* v. *Lang*, 4 Cal.2d 711, 714 [53 P.2d 138]; and see cases cited in 39 Am.Jur., New Trial, sec. 17, pp. 42, 43). In establishing this procedure, the Legislature has recognized that the interests of justice may require an independent reweighing of the evidence by the trial judge after rendition of the verdict by the jury, and this court has, upon occasions, criticized the reluctance of trial judges generally to exercise their power of granting a motion for a new trial for insufficiency of the evidence and their inclination to acquiesce in a verdict which does not constitute the just conclusion to be drawn from the evidence. (*Green* v. *Soule*, 145 Cal. 96, 102 [78 P. 337].) In case after case it has been emphasized that the trial judge, unlike an appellate court, has had the same opportunity as the jury to observe the manner of the witnesses and to pass upon their credibility; as a consequence he cannot rely upon a conflict in the evidence to uphold the verdict but must exercise his duty to see that it is not clearly against the weight of the evidence. (*Rosenberg* v. *Geo. A. Moore & Co.*, 194 Cal. 392, 396 [229 P. 34]; *Greene* v. *Soule, supra,* at pp. 102, 103; *Bates* v. *Howard,* 105 Cal. 173, 178 [38 P. 715]; *Dickey* v. *Davis*, 39 Cal. 565, 569; *Gardner* v. *Marshall*, 56 Cal.App.2d 62, 66 [132 P.2d 833]; *Lasch* v. *Edgar*, 46 Cal.App.2d 726, 730 [116 P.2d 949]; *Owings* v. *Gatchell*, 32 Cal.App.2d 482, 487, 488 [90 P.2d 268]; and see *Tweedale* v. *Barnett*, 172 Cal. 271, 274, 275 [156 P. 483]; *Empire Investment Co.* v. *Mort*, 169 Cal. 732, 736 [147 P. 960]; *Gordon* v. *Roberts*, 162 Cal. 506, 508, 509 [123 P. 288]; *Keogh* v. *Maulding*, 52 Cal.App.2d 17, 19 [125 P.2d 858].) For he is in a position to determine between the apparent and the real, and to detect the fallacy of specious testimony which may have misled the jury, but which his wider experience enables him to comprehend. (*Bates* v. *Howard, supra,* at p. 178.) The parties are entitled to the verdict of the jury in the first instance, but upon a motion for a new trial they are entitled to the independent determination of the judge as to whether such verdict is supported by the evidence. (*Green* v. *Soule, supra.*)

Undoubtedly these broad purposes have led the appellate courts liberally to construe the limitations upon the exercise of this power. Thus this court has held that so long as the court "passes" upon the motion within the 60-day period, it has lawfully exercised its jurisdiction to determine the motion, and the signing and filing of the formal order or findings subsequent to the last day of that period do not affect the validity of its act. (*Spier* v. *Lang, supra,* at p. 715; *Holland* v. *Superior Court,* 121 Cal.App. 523, 531 [9 P.2d 531].) And although section 661 of the Code of Civil Procedure states that the motion, if heard by a judge other than the one who presided at the trial, "shall be argued orally or shall be submitted without oral argument . . . not later than ten (10) days before the expiration of the time within which the court has power to pass on the same," the court has construed the requirement as directory and not jurisdictional and upon that theory affirmed an order granting a motion for a new trial although the motion was submitted for decision but three days before the expiration of the 60-day period. (*Pappadatos* v. *Superior Court,* 209 Cal. 334 [287 P. 342].)

Under section 660 of the Code of Civil Procedure either of two dates may start the running of the 60-day jurisdictional period within which the trial court has the power to pass upon a motion for a new trial. The party in whose favor the judgment was rendered may fix the time by serving upon his adversary written notice of the entry of judgment. On the other hand, if such notice has not theretofore been served, the jurisdictional period commences upon the filing of the notice of intention to move for a new trial. The statute also provides that if the motion is not determined within the specified time, "the effect shall be a denial of the motion without further order of the court."

But in the present action, as in *Kahn* v. *Smith, post,* p. 12 [142 P.2d 13], and in *Lauritzen* v. *H. L. Judell & Co.,* 109 Cal.App. 168 [292 P. 536], the court granted the motion for a new trial within sixty days from the filing of the notice of intention to move therefor, hence it was acting within its jurisdiction if the notice of entry of judgment was ineffective. Three facts are particularly relevant in considering the rights of the parties under these circumstances. In the first place, the delay in passing upon the motion for a new trial is in no way attributable to the appellant, who acted promptly, filing its notice of intention on the seventh day following the

entry of judgment. Secondly, the action of the trial judge in granting the motion shows that he intended to determine it by a ruling and not to have it denied by the lapse of time specified in the statute. And, finally, the respondent did not challenge the merits of the ruling by an appeal from the order. Giving effect to the purpose of the motion and the desirability of promoting the prompt administration of justice by allowing trial judges to set aside determinations not justified by the weight of the evidence and to correct errors which would otherwise be the basis of expensive and time-consuming appeals, any departure from strict regularity in the notice of entry of judgment should render it ineffective as a limitation upon the exercise of this power. Contrary to the respondent's assertion, the cases of *Lauritzen* v. *H. L. Judell & Co., supra,* and *Weeks* v. *Coe,* 36 App.Div. 339 [55 N.Y.S. 263], were not decided upon the ground that the error in the notice misled the opposing party to his detriment, but upon the doctrine just stated.

Applying this rule of construction to the facts of the present case, the notice of entry of judgment set forth an erroneous date of entry. As a consequence the notice did not limit the power of the court to pass upon the motion for a new trial and, as the court granted the motion within sixty days from the filing of the appellant's notice of intention to move for a new trial, it was acting within the jurisdictional period. And it may not be said that Abbot-Kinney Company by appealing from the judgment has waived its right to question the sufficiency of the notice, particularly since it has consistently urged in its briefs that the order granting the new trial is valid and that the appeal is taken only to safeguard its rights.

Nor is the appellant now precluded from asserting that the service of the notice of entry of judgment did not fix the jurisdictional period for a ruling on a motion for new trial by failing to appeal from the order denying its motion to strike the notice of entry of judgment. For, assuming that such an order is appealable, the denial was not necessarily a ruling determining the effect of the notice. The court may have agreed with the argument of counsel that the defect prevented the service of the notice from limiting the power of the court to pass upon the motion for new trial, but, in the exercise of its discretion, decided that the notice showing the error should remain a part of the record upon which it acted in ruling upon the motion for a new trial. Also, if the error

rendered the notice ineffective no real object would be served by striking it from the files. Furthermore, the fact that the notice might be ineffective for one purpose would not necessarily mean that it is ineffective for other purposes.

In relying upon the cases of *Waddingham* v. *Tubbs,* 95 Cal. 249 [30 P. 527], and *Santa Ana etc. Co.* v. *Ernest Rurup Estate,* 23 Cal.App.2d 445 [73 P.2d 908], the majority opinion fails to recognize the rule that a stronger showing is required to justify interference with an order granting a new trial than with one which has been denied. (See *Abercrombie* v. *Thomsen,* 59 Cal.App.2d 331, 337 [138 P.2d 701].) Thus *Waddingham* v. *Tubbs, supra,* is clearly distinguishable from the present action, for there the court not only denied the motion for a new trial but also held that there was no error in the facts stated in the notice of entry of judgment. And in *Santa Ana etc. Co.* v. *Ernest Rurup Estate, supra,* another case where the motion for new trial was denied, the notice of entry of judgment was in the customary form and correctly contained all of the necessary data.

For these reasons, I believe, as no appeal was taken from the order granting a new trial, the judgment was vacated and the appeal should be dismissed.

Shenk, J., and Curtis, J., concurred.