# AUSTIN *v.* DILDAY

No. 3009

July 5, 1933.

23 P. (2d) 504.

*Henderson & Marshall,* for Appellant:

*Harry H. Austin* and *Albert Duffill*, for Respondent:

# OPINION

By the Court, DUCKER, J.:

This is an appeal from an order of the Eighth judicial district court of Nevada made and entered on the 19th day of October 1932, striking from the files the appellant's notice of intention to move for a new trial. It appears from the bill of exceptions that a complaint was filed in the action by Mary Proctor claiming damages from Claborn Dilday for injuries sustained by her due to his negligence in turning over an automobile in which she was riding as his guest in the city of Las Vegas, in Clark County. The action was tried by the court, Hon. L. O. Hawkins, district judge of the Sixth judicial district court, presiding in the place of the district judge of the said Eighth judicial district.

After the conclusion of the trial, Judge Hawkins returned to his home in Winnemucca, Nevada, and there, on the 22d day of June 1932, signed a decision

in favor of the plaintiff, Mary Proctor. On the 23d day of June, A. D. 1932, said Mary Proctor died and Judge Hawkins was apprised of that fact on that date by a telegram from the attorneys for appellant and by separate telegram from one Harry H. Austin, attorney for said Mary Proctor. Judge Hawkins replied by letter of date June 24, 1932, to the senders of the telegrams and stating that he had written his decision in favor of Mary Proctor on June 22, 1932, the day before her death, and that he believed it proper that such decision be filed in the action. He also stated that he was on that date, to wit, June 24, 1932, returning to the clerk at Las Vegas the files in the case, together with original of decision and two copies thereof, with directions that the original be filed and a copy thereof delivered to attorneys for plaintiff and to the attorneys for defendant. He further stated that the letter was written in duplicate, one of which would be mailed to Austin, and the other to Stevens, Henderson & Marshall. The three latter were attorneys for defendant, appellant here. On June 27, 1932, said Austin called at the office of the clerk of the court in Las Vegas and inspected the original decision filed in the office of the clerk on that date and did then and there receive from said clerk a true and correct copy of the decision bearing on the first typewritten page thereof in the margin, the initials of Judge Hawkins in his handwriting, and the date thereof, thus: "L.O.H. 6/22/32," and bearing on the second and concluding typewritten page thereof, at the end of said document, the original signature of Judge Hawkins. It appears from the bill of exceptions by the affidavit of William L. Scott, clerk of the Eighth judicial district court, that on the 27th day of June 1932, he received through the United States mail at Las Vegas, Clark County, Nevada, from Judge Hawkins at Winnemucca, Nevada, the original decision in the case, and pursuant to instructions of said judge did on the same day file the same; that he received with the original decision two exact copies thereof, each bearing the

signature of Judge Hawkins, with instructions from him to deliver one copy thereof to Harry H. Austin, attorney for plaintiff, and one copy thereof to Stevens, Henderson & Marshall, attorneys for defendant; that thereafter on the 27th day of June 1932, affiant delivered to said Harry H. Austin a copy thereof, and thereafter, and prior to July 1, 1932, affiant delivered to said Stevens, Henderson & Marshall one copy thereof. On July 1, 1932, said Harry H. Austin served on appellant's attorney and filed with the clerk a memorandum of costs and disbursements to which was attached his affidavit which contained among other matters certain facts relative to the court's decision.

On July 14, 1932, written notice was given to defendant and his attorneys at their office in Las Vegas, Nevada, of a motion for an order substituting Harry H. Austin as executor of the estate of Mary Hortense Proctor as party plaintiff in this action in place of Mary Proctor, deceased, to which notice was attached the affidavit of Harry H. Austin containing, under the name and title of this case, as it then existed, the following words: "That thereafter and on the 22nd day of June, A. D. 1932, said court made and signed a written decision of the case, at Winnemucca, Nevada, awarding plaintiff damages in the sum of $36,733.40, and that said written decision was filed herein by the clerk on June 27th, A. D. 1932, and that the same directs plaintiff to prepare, serve and file her proposed Findings of Facts, Conclusions of Law, Judgment and Decree of Court in conformity therewith."

Thereafter on the 15th day of August 1932, said Harry H. Austin served upon counsel for appellant and filed with the clerk a notice, a copy of a part of which is as follows:

"In the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark.

"Harry H. Austin, as executor of the Estate of Mary Hortense Proctor, deceased, Plaintiff, v. Claborn Dilday, Defendant.

"Notice Relative to Court's Written Decision
of the Case.

"To Clayborn Dilday, the defendant above named,
and to Messrs. Stevens, Henderson & Marshall, his
attorneys herein:

"You, and each and every of you, will please take
notice that heretofore and on the 22nd day of June,
A. D. 1932, the Honorable L. O. Hawkins, the District
Judge who presided at the trial of this action which
was then entitled in this court, 'Mary Proctor, plain-
tiff, vs. Claborn Dilday, defendant,' made and signed
his, and the Court's written decision of this case,
wherein and whereby the court did decide that plain-
tiff is entitled to recover as damages from the defend-
ant herein the sum of $2,162.00 for medical attention,
hospital fees, nursing and incidental expenses, paid and
incurred by her from the time of her injuries, until the
trial of this action; the sum of $500.00 for earnings lost
from the time of the accident until the trial of this action;
and the sum of $34,071.40 as compensatory damages for
loss of future earnings, and for physical and mental pain
and suffering, and also her costs herein, and wherein
whereby the court did order that judgment be entered
in favor of plaintiff and against defendant for the sum
of $36,733.40 together with costs of suit and wherein
and whereby the court did direct plaintiff to prepare,
serve and file her proposed Findings of Facts, Conclu-
sions of Law, Judgment and Decree of Court, in con-
formity with said decision, and you and each and every
of you will further take notice that said written deci-
sion of the case was filed herein with the clerk of this
court on Monday, the 27th day of June, A. D. 1932.
*   *   * "

On the 18th of August 1932, appellant filed and
served his notice of intention to move for a new trial.
Thereafter Judge Hawkins reassigned the case to the
judge of said Eighth judicial district court for the
purpose of entertaining and determining the motion to
strike from the files the notice of intention to move for
a new trial, which was stricken as aforesaid.

The main question to be determined is whether the notice of intention to move for a new trial was filed in time under the provisions of section 8879 N. C. L. The section reads: "The party intending to move for a new trial must, within five days after the verdict of the jury, if the action was tried by jury, or within ten days after written notice of the decision of the court, or referee, if the action was tried without a jury, file with the clerk, and serve upon the adverse party a notice of his intention, designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits or upon the minutes of the court."

1. We think the notice of intention to move for a new trial was filed in time. The notice of August 15, 1932, just quoted, was the only notice shown to have been served upon appellant that was in substantial compliance with the statute and therefore sufficient to cause the time to begin to run in which he could file and serve his notice of intention to move for a new trial. Appellant's notice of intention to move for a new trial was filed and served three days thereafter.

2. Judge Hawkins' letter to appellant's attorneys is not shown to have been received by them. Even if received it was in effect nothing more than a notice that a decision would be rendered in favor of respondent. The signing of the decision was not a rendition of it. The decision was not rendered until it was filed. Carpentier v. Thurston, 30 Cal. 123.

As shown by the affidavit of the clerk the decision was filed on June 27, 1932. The affidavit of the clerk also shows that he received with the decision two exact copies thereof each bearing the signature of said judge, one of which, pursuant to instructions of Judge Hawkins he did on the same day deliver to Stevens, Henderson & Marshall. The clerk's affidavit, however, does not show that he placed the file marks on said copy or otherwise notified them that the decision had been filed.

3, 4. It is argued by respondent that written notice of the decision must be served by the adverse party, but be that as it may, we think the mere serving of a

copy .of a decision signed by the judge without notifying the other party in writing that such has been rendered, does not satisfy the statute. By the former mode the rendition is left to implication. The notice alleged to have been served on July 1, 1932, in connection with the memorandum of costs and disbursements was also ineffective. The same may be said of the notice alleged to have been given with the motion for substitution. They were too indirect in character. Compliance with the statute can only be made by a plain direct written notice of the decision.

The order striking the notice of intention to move for a new trial is hereby reversed.